HOLMES IVORY v. H. KEMPNER AND W. H. CRAFTON.

No. 95.

1. **Petition for Injunction to Restrain Sale of Land, Held Good.** See opinion in this case for a petition by an encumbrancer whose deed of trust antedated the attachment lien and judgment of the defendant, seeking to restrain a sale of the property described in his deed of trust, upon the ground that such sale would be a cloud upon his title, which is held good.

2. **Intervention, When Allowed.** — Intervenor Crafton was defendant in the suit of Kempner v. Wilson and himself as surety, and the judgment directs the property of Wilson to be first sold. Crafton was therefore directly interested in this suit, and was properly allowed to intervene.

3. **Injunction, When Granted to Prevent Cloud on Title.** — Appellant's claim of right to the property attached and ordered sold under the judgment in favor of appellee, is twofold: first, by subrogation to the right of the Texas Land and Loan Company under their deed of trust executed in 1866, by virtue of the assignment of the notes secured by said deed of trust to one Smith, for the use and benefit of appellant; and second, by a deed of trust upon the same property executed to appellant in June, 1888, by the debtors E. N. Wilson and wife, to secure a loan of $25,000 and interest. But all the evidence upon

which the right of appellant depends is not of record, nor shown by the papers through which the right depends. and in such case an injunction will be granted to restrain an execution sale, upon the ground that such a sale would be a cloud upon the title of the plaintiff.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEW-ART.

*Willie & Ballinger*, for appellant.—1. A surety against whom, together with his principal, judgment has been obtained which provides for a levy upon the property of the principal before a levy shall be made on the property of the surety, can not intervene in a suit where it is sought to enjoin the sale under such judgment of any special piece of property of the principal. Such surety can not intervene in the suit without alleging that the principal in the judgment is insolvent, and that he has not other property besides that levied on, with which the judgment could be satisfied. McKee v. Coffin, 66 Texas, 304; Nenney v. Schluter, 62 Texas, 328; Gasquet v. Johnson, 1 La., 431; Pome. on Rem., sec. 429.

2. A mortgagee whose mortgage will be clouded, or the value of his security depreciated, by a sale of the mortgaged property under execution, may have an injunction to prevent the execution sale. The petition alleged, that the execution under which the property was to be sold directed the sheriff to put the purchaser at execution sale in possession. The change from a friendly to a hostile possession tended to impair the plaintiff's security and cloud his title, and to do him irreparable injury, for which he had no redress at law. Rev. Stats., art. 2873; Van Ratcliff v. Call, 72 Texas, 492; Belt v. Raguet, 27 Texas, 482; Cassaday v. Anderson, 53 Texas, 535; 1 High on Inj., secs. 463, 246, 379, 248, 372; 1 Pome. Eq. Jur., secs. 217, 218, 146, 147, 148, 150, 165; 3 Pome. Eq. Jur., sec. 1338; Butler v. Rahm, 46 Md., 541; Whitfield v. Clark, 48 Ala., 555; Orr v. Pickett, 3 J. J. Marsh., 269; Grover v. Webber, 72 Ill., 606.

*Davidson & Minor*, for appellee Kempner.—Mortgaged property may be levied on subject to the lien of mortgagee. Wootton v. Wheeler, 22 Texas, 338; Wright v. Henderson, 12 Texas, 43.

Appellant was not entitled to an injunction. Henderson v. Morrill, 12 Texas, 1; Carlin v. Hudson, 12 Texas, 203; Whitman v. Willis Bros., 51 Texas, 421, 429; Purinton v. Davis, 66 Texas, 455; Mann v. Wallis, Landes & Co., 75 Texas, 611; Dahoney v. Allison, 1 Posey's U. C., 112; Spencer v. Rosenthall, 58 Texas, 4; 2 High on Inj., secs. 463, 471; Bank v. Poultney, 8 Gill & J., 324; Coe v. Knox, 10 Ohio St., 412; Brown v. Stilitz, 48 Cal., 645.

Appellant, using no diligence to foreclose his lien, is not entitled to an injunction. Morris v. Edwards, 62 Texas, 205.

Kempner had the right to sell the property and then pay off appellant's debt.    Hunt v. Makemson, 56 Texas, 9.

PLEASANTS, Associate Justice.—The nature and result of this suit is thus given by appellant: This suit was brought by appellant to enjoin the sale, by the sheriff of Brazoria County, of several tracts of land attached in a suit instituted in Galveston County by Harris Kempner against E. N. Wilson, which last suit resulted in judgment for Kempner and a foreclosure of the attachment, and an order for the sale of the attached property.

W. H. Crafton intervened in the present suit, alleging that he was surety for the debt upon which Kempner obtained his judgment, and that the judgment provided, that in case it was not satisfied out of the property of Wilson, levy should be made upon the property of Crafton.

The defendant and the intervenor in the injunction suit pleaded general and special demurrers, and prayed a dissolution of the injunction. They also set up facts which they claimed should prevent the injunction from being perpetuated.

The plaintiff moved to strike out the intervention; also filed a supplemental petition, in which he demurred generally and specially to the answer and intervention, and set up facts which, in connection with those in his original petition, he claimed entitled him to the injunction, notwithstanding the said answer and intervention.  By consent, this supplemental petition was taken and treated as if it formed a part of the original petition for the purposes of the demurrers of the defendant and intervenor.    The court overruled the motion to strike out the intervention, and sustained the demurrers of the defendant and intervenor.    Thereupon the plaintiff, declining to amend, stood by his petitions as taken together, and judgment was rendered dismissing the suit, and for costs against the plaintiff and the sureties upon his injunction bond.    From which judgment plaintiff and his sureties have appealed to this court.

To this statement it is proper to add, that appellants were not in possession of the lands covered by the mortgages set out in their original and supplemental petitions, and under and by virtue of which he sues to restrain the sale of the lands by appellee Kempner.   Nor does either of the mortgages give the mortgagee the benefit of the rents and profits of the land.  The appellant's demurrer to the petition of the intervenor Crafton was, in our judgment, properly overruled.   The intervenor Crafton is directly interested in the result of this suit.   He was a defendant in the suit of Kempner, in which judgment was rendered against Wilson, and against himself as the surety of Wilson, the judgment directing the property of the surety to be protected from sale under execution until the property of defendant Wilson was sold.   Crafton then is interested in the subject matter of litigation between the appellant and the appellee, and

must be affected by the judgment rendered in this suit, and he should therefore be permitted to intervene. Pome. on Rem., sec. 429.

Besides their general exception, the defendant and intervenor presented several special exceptions to the original and supplemental petitions, which two petitions were by agreement, as recited in the judgment of the court, considered and treated as an amended original petition. The judgment upon the demurrers is general, and does not state which, if any, of the exceptions were overruled. We shall not, therefore, discuss the exceptions seriatim, but shall consider only the principal question presented by the record for our decision.

Were the averments of the petition sufficient, if true, to entitle the plaintiff to the remedy prayed for? This question, we think, must be answered in the affirmative. It is conceded that ordinarily when an execution or order of sale is levied upon property of a defendant in execution, that the sale can not be enjoined by a creditor of the defendant who holds a lien upon the property levied on, which is prior to the judgment. But while this is the general rule, it is well established that the sale will be enjoined when it would place a cloud upon the creditor's title. As to what constitutes a cloud upon title may not be definitely settled, the decisions of the courts on the subject not being in entire harmony. But the Supreme Court of this State has held, that an injunction will be granted to restrain an execution sale when the evidence on which the right of the complainant depends is not of record, nor shown in the papers through which the right depends. Mann v. Wallis, Landes & Co., 75 Texas, 614; Van Ratcliff v. Call, 72 Texas, 492; Gardner v. Douglass, 64 Texas, 76. The appellant's claim of right in the property attached and ordered sold by the judgment in the suit of appellee against E. N. Wilson is twofold; first, by subrogation to the right of the Texas Land and Loan Company, under their deed of trust executed in 1866, by virtue of the assignment of the notes secured by said deed of trust to one Smith, for the use and benefit of appellant; and second, by a deed of trust upon the same property, executed to appellant in June, 1888, by said E. N. Wilson and his wife Ella Wilson, to secure the loan of $25,000, and interest on same. Appellant in his petition avers, that without his authority and without his knowledge, the said Smith executed on the 16th of May, 1890, what purports to be a release of the mortgage executed in 1886 for the benefit of the Texas Land and Loan Company, and that same is of record in the office of the clerk of the county in which the lands covered by the said mortgage are situated. He avers, that at the time of the execution of the mortgage by Wilson and wife to him in June, 1888, it was expressly agreed and stipulated between him and said mortgagors that said mortgage to said Texas Land and Loan Company should continue in force and operation for his benefit until the money loaned by him, and as security for which the mortgage of June, 1888, was executed,

should be paid; and that in confirmation of this agreement, when the debt due the said Land and Loan Company was finally settled and liquidated, which was done in part with the money loaned by him on June, 1888, to Wilson and wife, the notes secured by the mortgage of 1886 were by said Land and Loan Company assigned and transferred to petitioner. And he denies that Smith, to whom said notes were assigned as agent, and for his benefit, was his agent for releasing said mortgage of 1886; and that if said Smith did execute said paper of 16th of May, 1890, it was without authority from petitioner, and void as to him.

The petitioner further avers, that the said E. N. Wilson conveyed the property covered by the mortgages to his wife, the said Ella, on the 14th of November, 1887, the deed therefor reciting that the consideration was $8000, the same being the separate money of the wife; that said deed was duly registered in the county in which the lands lie on the 16th of November, 1887; and that on the 23d of same month appellee attached said lands as the property of the said E. N. Wilson. The petitioner avers, that he had no knowledge of the existence of the suit of appellee H. Kempner against E. N. Wilson and the intervenor, W. H. Crafton, at the time he loaned his money and took the mortgage of June, 1888; and he denies all knowledge of the fraud in the sale and purchase of the lands between Wilson and his wife in November, 1887, charged against them by appellee and intervenor.

These averments, we think, show conclusively that the rights claimed by appellant in the attached property are not evidenced in whole by title of record, but are dependent in part upon alleged facts, which must be established by evidence dehors the record; and this being so, a sale under execution would place a cloud on appellant's title. The sale should be enjoined until the relative rights of appellants and appellee shall be determined and adjudicated by decree of the court.

The judgment of the lower court, sustaining demurrers to plaintiff's petition and dissolving the injunction and dismissing the suit, is reversed, and the cause is remanded for further proceedings in accordance with the law as announced in this opinion.

*Reversed and remanded.*

Delivered March 2, 1893.