**SHIREY v. TRUST CO. OF TEXAS et al.**

**No. 4683.**

Court of Civil Appeals of Texas. Texarkana.

March 12, 1934.

Rehearing Denied March 22, 1934.

Butler & Price and Marsh & Fitzgerald, all of Tyler, for appellant.

Troy Smith, of Tyler, and Vinson, Elkins, Sweeton & Weems, of Houston, for appellees.

SELLERS, Justice.

This is an appeal from an interlocutory judgment of the district court of Smith county granting a temporary injunction restraining the sale of real estate located in the city of Tyler in Smith county, the property involved being 70 by 120 feet, located at the corner of West Elm street and South College avenue, fronting 120 feet on West Elm street and 70 feet on South College avenue, in lot 1, block 22, of the original town of Tyler.

On July 21, 1927, Carter Stewart recovered a judgment in the district court of Harris county in cause No. 103369 against Houston Finance Corporation and others. So far as the points involved in this appeal are concerned, this judgment provides:

"It is Therefore Considered by the Court, and so Ordered, Adjudged and Decreed that the plaintiff, Carter Stewart, do have and recover judgment in the sum of fourteen thousand seven hundred and thirty-one and 62-100 ($14,731.62) Dollars, together with interest thereon from the twenty-first day of July, 1927, at the rate of eight (8) per cent per annum and all costs in this behalf incurred, against the following defendants, and each of them, viz: Houston Finance Corporation, H. E. Byrne, W. M. Roberts, R. E. Morris, The Tyler Commercial College, W. E. Weatherford, W. C. Wiley (in his individual capacity), The Byrne Publishing Company, E. R. Burget and W. F. Andrews.

"2. It is further considered by the court, and it is so Ordered, Adjudged and Decreed that the plaintiff, Carter Stewart do have and recover judgment against The Texas Finance Corporation, and against Ed Hall, V. F. Bucek, and A. W. Taber, as Receivers of The Texas Finance Corporation, and against Houston Finance Corporation, H. E. Byrne, W. M. Roberts, R. E. Morris, The Tyler Commercial College, Mrs. H. E. Byrne and husband, H. E. Byrne, Betty Glenn, W. E. Weatherford, W. C. Wiley, individually, W. C. Wiley, Executor of the Estate of Alice D. Wiley, The Byrne Publishing Company, E. R. Burget, W. F. Andrews, Laura S. Andrews, J. W. Glenn and wife, Mrs. F. A. Glenn, Mrs. Betty Glenn, and against each and all of the defendants and all other parties to this case (except those as to whom the action has been dismissed) whether named in the judgment or not, establishing, adjudicating, and deter-

mining finally and conclusively as against all parties to this suit the following adjudications:" (Here follows specific adjudications in distinct sections "first" to "eleventh," inclusive, respecting the title to certain bank stock. Sections "fourth" and "fifth" adjudge Carter Stewart to have a garnishment lien on the bank stock and award a foreclosure of the garnishment lien on such stock to satisfy the amount of the personal judgment before mentioned.)

It is further specifically provided that the plaintiff shall have judgment against the defendant A. W. Taber, receiver of the Texas Finance Corporation, who was adjudged to have no interest in or right to physical possession of the bank stock, for all costs of the case; and it is further specifically provided that the defendants Margaret Glenn, Betty Glenn, and John W. Glenn who were adjudged not to be members of the defendant Houston Finance Corporation, have judgment against the plaintiff for cost by them respectively incurred.

On August 1, 1927, the above judgment was abstracted and the abstract recorded in the judgment record of Smith county on August 3, 1927. This abstract as issued and recorded is as follows:

So far as the parties named in the abstract are concerned, it was properly indexed when recorded by the clerk.

On January 21, 1929, Carter Stewart duly transferred the above judgment to W. L. Shirey, who caused a pluries execution to be issued on the judgment to Smith county which was placed in the hands of Earl Price, sheriff of Smith county, and by him levied upon the property herein involved as the property of H. E. Byrne, and the sheriff proceeded to advertise the property for sale in order to satisfy W. L. Shirey's judgment lien against the land. The land levied upon by the sheriff was purchased by H. E. Byrne on February 16, 1927, and by him conveyed to his wife, Mrs. Lida Byrne, on April 7, 1928. Mrs. Lida Byrne, joined by her husband, H. E. Byrne, conveyed the land by general warranty deed to R. E. L. Johnson. Johnson and wife on November 30, 1928, conveyed by general warranty deed to A. Hicks for a consideration of several thousand dollars, all of which has been paid. On August 12, 1929, A. Hicks and wife executed a deed of trust lien on the property in favor of the Trust Company of Texas to secure the payment of a $40,000 note with interest thereon given by A. Hicks and wife to said company. On June 23,

"Judgment Record.

The State of Texas, County of Harris. In the District Court 55th of Harris County, Texas. July Term, A. D. 1927.

No. 103369.

In What Court Rendered

Names of Plaintiffs and Defendants in Judgment

In the District Court 55th of Harris County, Texas.

Carter Stewart, Plaintiff in Judgment

Houston Finance Corporation, H. E. Byrne, W. M. Roberts, R. E. Morris, The Tyler Commercial College, W. E. Weatherford, W. C. Wiley (in his individual capacity), The Byrne Publishing Company, E. R. Burget, and W. F. Andrews, jointly and severally, Defendants in Judgment.

| Date of Filing and Record | | | | Date of Judgment | | | Amount of Judgment. |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | Hour | Month | Day | Year | |
| Filed | | | | | | | |
| August | 3 | 1927 | 8:00 AM | July | 21 | 1927 | |
| Recorded | | | | | | | |
| August | 3 | 1927 | 10:00 AM | | | | $14,731.62 |

| Amount of Costs | Rate of Interest | Amount of Credits | Amount Due. |
|---|---|---|---|
| $175.70 | 8% | None | Full." |

1930, the Trust Company of Texas assigned to State Life Insurance Company a $30,000 interest in and to the above described note and the lien securing the same. At the time the suit pending before this court was instituted, there was still due on the $40,000 note the sum of $30,000.

This suit was brought by the Trust Company of Texas, State Life Insurance Company, and R. E. L. Johnson against W. L. Shirey and Earl Price, sheriff of Smith county, to remove the cloud cast upon their title to the land involved by the recording of the abstract of judgment above mentioned which is alleged to be void, for reasons hereinafter discussed, and also prayed for a temporary injunction to restrain the sheriff and W. L. Shirey from selling the land under the execution until the final determination of this suit. On a hearing before the court in vacation the temporary injunction was granted and W. L. Shirey has duly prosecuted this appeal from such interlocutory order.

Appellant contends on this appeal that there is a misjoinder of parties plaintiff in this case. We cannot sustain this proposition. The appellees who were the plaintiffs in the trial court are all directly interested in removing the cloud from the title to the land involved, and in preventing a sale of the land under execution by appellant, defendant below, until a final adjudication of the title question. It seems to be well settled in this state that all persons having an interest in the subject-matter which can be affected by the decree may join in the suit. The appellees being interested in the land, either as warrantors or mortgagees, they have such interest in the land as will authorize the court to grant them a temporary injunction to restrain a sale under execution against a party who has no interest in the land when the sale would place a cloud upon the title to the land involved. Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066; San Bernardo Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 644; McCall v. Page (Tex. Civ. App.) 155 S. W. 655; Ivory v. Kempner, 2 Tex. Civ. App. 474, 21 S. W. 1006; National Loan & Investment Co. v. Pelphrey & Co. (Tex. Civ. App.) 39 S.W.(2d) 926. And this right to a temporary injunction is not dependent upon a showing by appellees that they have no adequate remedy at law. Article 4642, subd. 4, R. C. S. 1925. Neither can there be any question but that a sale under the execution here enjoined would cast a cloud upon the title to the land involved. Stolte et al. v. Karren et al. (Tex. Civ. App.) 191 S. W. 600.

It is conceded by the parties to this appeal that the execution as issued and levied upon the land was for the sole purpose of satisfying appellant's judgment lien against the land. And if the judgment lien is void, as alleged by appellees, then appellant has no right to have the land sold under the execution. The appellees contend that the judgment lien sought to be satisfied by the execution sale is void for the reason that the abstract of judgment as issued by the clerk of Harris county wherein the judgment was rendered did not include in the abstract the name of each defendant in the judgment, and, further, because the abstract as recorded in the judgment record of Smith county by the county clerk was not indexed in the name of each of the defendants named in the judgment. It will be observed that the abstract here involved, as prepared by the clerk of the court where the judgment was rendered, did not contain the names of all the defendants in the judgment, and when the abstract was recorded by the county clerk of Smith county it was indexed only in the names of the plaintiff and the defendants appearing in the abstract and was not indexed in the name of each defendant appearing in the judgment. It is true that there is no personal recovery for debt by the plaintiff against the defendants whose names were omitted from the abstract, but the judgment did decree a recovery by plaintiffs of all the cost of the case against one of the defendants not named in the abstract, and likewise another defendant whose name did not appear in the abstract was decreed a recovery of all cost incurred by him against the plaintiff. We mention the above facts in view of the contention made on this appeal to the effect that the statutes providing for the establishment of a judgment lien do not require that names of all the defendants in the judgment be given in the abstract but only require that the names of all those against whom a personal money judgment is granted be given in the abstract, and when properly recorded as to them the statutes have been complied with. The statutes providing for the creation of a judgment lien are as follows:

"Article 5447. *Abstracts of Judgments.*

"Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing:

"1. The names of the plaintiff and of the defendant in such judgment.

"2. The number of the suit in which the judgment was rendered.

"3. The date when such judgment was rendered.

"4. The amount for which the judgment was rendered and balance due thereon.

"5. The rate of interest specified in the judgment. Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand.

"Article 5448. *Recording Judgments.*

"'Each county clerk shall keep a well bound book called the 'judgment record,' and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index' to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits upon and satisfaction of such judgment, and shall enter the same when properly shown.

"Article 5449. *Lien of Judgment.*

"When any judgment has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county. Said lien shall continue for ten years from the date of such record and index; but if the plaintiff fails to have execution issued upon his judgment within twelve months after the rendition thereof, said lien shall cease to exist."

In view of the clear and unambiguous language used in the statutes, we think appellant's contention as above stated cannot be sustained. The identical question has recently been decided against appellant's contention by the Court of Civil Appeals at Eastland in the case of McGlothlin v. Coody, 39 S.W.(2d) 133. The opinion in this case reviews the authorities on the point and we adopt the conclusions therein reached by that court. The Supreme Court granted a writ of error in the McGlothlin v. Coody Case, 59 S.W.(2d) 819, 821, and the Commission of Appeals, in an opinion sustaining the Eastland Court of Civil Appeals, construed articles 5447 and 5448 and held:

"However, the articles involved here are 5447 and 5448, and it appears that, according to the provisions of article 5447 the clerk of a court, upon an application having been made, shall make out, certify, and deliver to the applicant an abstract of judgment, showing five different things, the first of which is that the abstract shall show the names of the plaintiffs in the judgment, and of the defendants in the judgment, not the name of one of the plaintiffs, and not the name of one of the defendants, but the names of the several defendants, if there be several, and the names of the several plaintiffs, if there be several, appearing upon the face of the judgment. After this has been done, and this instrument has been handed to the clerk, where it is sought to create a lien, then, according to article 5448, this clerk shall record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record, and, after he has done this, the clerk is required to enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page of the book upon which the abstract is recorded. In other words, the judgment lien given by plaintiff in a judgment is purely a statutory one, and a person who asserts that he has such a lien must show that each and every requirement of the statute has been followed in order that he shall establish the existence of such lien."

We regard the interpretation of the statutes by the Commission of Appeals as sound, and overrule appellant's contention that the abstract here involved as issued and recorded created a valid judgment lien against the property sought to be sold under execution.

There are other assignments which we have carefully considered, but they are believed to be without merit and are overruled.

The judgment of the trial court is affirmed.

LEVY, Justice (dissenting).

I feel constrained to construe the article of the statute in hand as supporting the sufficiency of the abstract in evidence, although the case of McGlothlin v. Coody (Tex. Civ. App.) 39 S.W.(2d) 133; Id. (Tex. Com. App.) 59 S.W.(2d) 819, would render such abstract, if applied to it, ineffective as a judgment lien.

It is firmly settled that a lien does not arise until the judgment is properly abstracted and indexed in the very provisions of the statute. Nye v. Moody, 70 Tex. 434, 8 S. W. 606; Pierce v. Wimberly, 78 Tex. 187, 14 S. W. 454;

Evans v. Frisbie, 84 Tex. 341, 19 S. W. 510; and other cases; 34 C. J. § 834, p. 575. The point determinative of the lien in the present appeal is entirely that of whether or not the statute relating to the docketing of judgments by transcript or abstract when applied to the judgment rendered in cause No. 103369 in the district court of Harris county, requires, in order to make the judgment lien effective, such abstract to contain the names of every individual person made a party to the action in respect to whom final adjudication in any particular was made, irrespective of whether they were persons against whom a money judgment was rendered. The judgment in entirety made adjudication, as to parties, matters determined and relief granted, in two adjudications or branches of the case. Firstly, there was adjudicated the payment of the definite and certain sum of money of $14,731.62 with 8 per cent. interest per annum by the particular parties enumerated. All of the defendants and each of the defendants liable at all in personal judgment for money were adjudged to be liable, separately and jointly for the certain sum of money specified. Secondly, the remaining sections of the judgment dealt with and made final adjudication as to all parties enumerated therein as respects their right to hold or to have an enforceable lien against certain shares of corporate stock. The two adjudications can, in effect, be separated and distinguished, the one being for payment of a specific sum of money, and the other being not for the payment of money but in rem. Article 2211, R. S. (amended by Acts 1931, c. 77, § 1 [Vernon's Ann. Civ. St. art. 2211]), specially provides that "judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or interveners." Although only one final judgment in entirety is contemplated by that article of the statute, yet within the meaning of the article adjudication upon each independent branch of the case may be deemed in proper instances not a joint but a several judgment. Cotton v. Coit, 88 Tex. 414, 31 S. W. 1061. It is in the light of such judgment in its entirety that the sufficiency of the abstract of the judgment in evidence to create a lien under the provisions of the statute is to be considered. While the statute which fixes a judgment lien is to be construed strictly, yet this does not mean that it may not be given the full meaning that the language employed reasonably imports. 26 Tex. Jur. § 520, p. 360; Kingman Texas Implement Co. v. Borders (Tex. Civ. App.) 156 S. W. 614. The provisions of the statute are literally set out above. The language of the statute is unambiguous in respect of what the abstract of the judgment must show. As expressly provided in that article such "abstract" or brief statement must set forth or contain a "showing" of (1) "the names of the plaintiff and of the defendant in such judgment," and (2) "the number of the suit in which the judgment was rendered" and (3) "the date when such judgment was rendered," and (4) "the amount for which the judgment was rendered and balance due thereon," and (5) "the rate of interest specified in the judgment." Article 5447. It is this authenticated abstract of judgment that the county clerk is required, when it is presented to him, to file, record, and alphabetically index. Article 5448, R. S. Does the provision "the names of the plaintiff and of the defendant in such judgment" require, in order to make the lien effective, the abstract to contain the name of every individual person made a party to the action in respect to whom final adjudication in every particular of the judgment in its entirety was made? Do the words "such judgment" refer and mean to be applicable only to a money judgment, or as the case may be to a section of a judgment adjudicating only respecting the payment of money? The language does not absolutely require the construction, as the necessary and unavoidable one, that every defendant in a judgment in its entirety should be enumerated in the abstract, although such defendant be not adjudged personally liable in any wise for payment of the sum of money. Rather does the wording and the purpose of the provision more reasonably point to the restrictive construction that the abstract need contain only the names of the defendants against whom a money judgment was rendered. It was manifestly a money judgment only that was in view. The fundamental provision which shall create the lien as is evident, is the recital that a specified amount for which the judgment was rendered remains unpaid. The lien is based upon the amount of a purely money judgment remaining unpaid. That is the only character of judgment that does or can create the lien. The abstracting and recording of a judgment that has been paid is ineffectual to create a lien. Huggins v. Johnston, 120 Tex. 21, 35 S.W.(2d) 688. And too, as will be observed, the provisions of the statute do not require the abstract to contain facts as to all the entire judgment. The provisions clearly reflect the intention not to require every particular of the judgment in its entirety. All that was designed or is necessary was enumerated. Everything else, not enumerated, must be regarded as deemed un-

necessary to the docketing of the judgment. It was simply deemed essential to the creation of a lien that there shall be a judgment which is final and subsisting for the payment of a definite and certain sum of money by the defendants enumerated. It is a fundamental doctrine that a judgment which by its terms cannot be enforced against the property of the defendant by execution cannot become a lien thereon. Hagan v. Chapman, 1 Pennewill (Del.) 445, 41 A. 974. Then, why in the present case is there the necessity of incorporating in the abstract the separate portion and independent branch adjudicating the rights as to the corporate stock? The parties to that branch or section of adjudication are entirely unaffected with the liability of the particular defendants adjudged to be liable to pay the money judgment. The money judgment can be carried into execution without their being personally liable. In the enforcement of a deficiency judgment the execution is not required to run in the name of any defendant except the defendant against whom the personal judgment was rendered. Holt v. Holt (Tex. Civ. App.) 59 S.W.(2d) 324. The two adjudications in the present judgment can be separated and distinguished, the one for the payment of a specific sum of money supporting the lien, while the other does not. Therefore it is believed the judgment lien may not be held invalid upon the ground of noncompliance with the terms of the statute; that the section of the judgment adjudicating payment of a certain specified sum of money furnished the exact course the clerk of the court in which the judgment was rendered was to pursue in making out the transcript or abstract. The construction thus given to the article of the statute under consideration has support in the similar ruling in Fuller v. Hull, 19 Wash. 400, 53 P. 666, 667. In that case the statutory provision required the transcript of the judgment to contain "the names at length of all the parties." The contention in the case was that the transcript did not comply with the statutory provision mentioned. The court ruled: "It does, however, appear that the names of Samuel Bertelson and Anna M. Bertelson were shown by the transcript. They were the mortgagors, and the only persons against whom a money judgment was rendered. No personal claim of any character was made against the other parties to the action, and it was not necessary that their names should have appeared upon the transcript."

In such construction of the statute as given hereinabove, as respects the names of all the defendants the abstract shall contain, the notice thereof given by the present abstract meets legal requirement. As set forth in Spence v. Brown, 86 Tex. 430, 25 S. W. 413, 415: "Most of the requisites of an abstract show that the purpose of its registration is not only to give notice of the right conferred by the record and index, but also to inform all persons interested where they may easily find the judgment itself, with all other papers bearing on the question of its validity. The source of information thus pointed out is a public record, which imports verity, and is not subject to the control of any private person."

The omission to include in the abstract that portion of the judgment awarding costs may not be regarded as rendering the lien ineffective. While costs are an incident, yet they are not a part of the amount of a judgment. Houston & T. C. Railway v. Red Cross State Farm, 91 Tex. 628, 45 S. W. 375; Wicker v. Jenkins, 49 Tex. Civ. App. 366, 108 S. W. 188. And the provisions of the article of the statute do not include or apply to costs or a judgment for costs only. Unless cost is distinctively included in the terms of the statute the provisions of the statute creating a judgment lien could not be made to apply to costs or a judgment for costs only.