### SHIREY et al. v. TRUST CO. OF TEXAS et al.

### No. 4999.

Court of Civil Appeals of Texas. Texarkana.

Oct. 29, 1936.

Rehearing Denied Nov. 5, 1936.

Butler & Price and Marsh & Fitzgerald, all of Tyler, for plaintiffs in error.

Vinson, Elkins, Sweeton & Weems and Fred R. Switzer, all of Houston, and Troy Smith, of Tyler, for defendants in error.

HALL, Justice.

Defendants in error brought this suit in the district court of Smith county against the plaintiffs in error to remove cloud from title to certain property located at the corner of West Elm street and South College avenue, in the city of Tyler, and fronting 120 feet on West Elm street and 70 feet on South College avenue, in lot 1, block 22, of said city. On December 16, 1933, a judgment was entered by the district court of Smith county enjoining the sale under execution of the property described above upon a judgment rendered in Harris county, until the entry of final judgment in said case. Plaintiffs in error prosecuted an appeal to this court from the judgment awarding a temporary injunction against them, and the judgment of the lower court was by this court affirmed. Shirey v. Trust Co., 69 S.W.(2d) 835, 837, writ refused. Defendants in error filed their second amended petition, setting up the fact that the property had, since the granting of the temporary injunction, been sold to satisfy a deed of trust lien, and that plaintiff in error Trust Company of Texas was the purchaser at said sale. With this exception the facts were agreed to be the same as developed on the hearing for temporary injunction, and the clear and succinct statement of that case is found in Shirey v. Trust Co., supra, which will be adopted here without restating same.

The trial of this case on its merits was to the court without a jury, and judgment was rendered removing the cloud cast upon the title to the property in controversy by the abstract of judgment and perpetually enjoining plaintiffs in error from selling said property under execution issued upon the Harris county judgment. From this judgment, plaintiffs in error have appealed to this court.

The sole question for determination in this case is: Did the recording of the abstract of the Harris county judgment in Smith county, as issued and recorded, fix a lien on the property here in controversy? The precise question was before this court upon the identical facts in Shirey v. Trust Co., supra, and was decided adversely to plaintiffs in error. Justice Sellers in that case said:

"It is conceded by the parties to this appeal that the execution as issued and levied upon the land was for the sole purpose of satisfying appellant's judgment lien against the land. And if the judgment lien is void, as alleged by appellees, then appellant has no right to have the land sold under the execution. The appellees contend that the judgment lien sought to be satisfied by the execution sale is void for the reason that the abstract of judgment as issued by the clerk of Harris county wherein the judgment was rendered did not include in the abstract the name of each defendant in the judgment, and, further, because the abstract as recorded in the judgment record of Smith county by the county clerk was not indexed in the name of each of the defendants named in the judgment. It will be observed that the abstract here involved, as prepared by the clerk of the court where the judgment was rendered, did not contain the names of all the defendants in the judgment, and when the abstract was recorded by the county clerk of Smith county it was indexed only in the names of the plaintiff and the defendants appearing in the abstract and was not indexed in the name of each defendant appearing in the judgment. It is true that there is no personal recovery for debt by the plaintiff against the defendants whose names were omitted from the abstract, but the judgment did decree a recovery by plaintiffs of all the cost of the case against one of the defendants not named in the abstract, and likewise another defendant whose name did not appear in the abstract was decreed a recovery of all cost incurred by him against the plaintiff. We mention the above facts in view of the contention made on this appeal to the effect that the statutes providing for the establishment of a judgment lien do not require that names of all the defendants in the judgment be given in the abstract but only require that the names of all those against whom a personal money judgment is granted be given in the abstract, and when properly recorded as to them the statutes have been complied with. The statutes providing for the creation of a judgment lien are as follows: [Here follows the statutes relating to the manner of fixing a judgment lien.]

"In view of the clear and unambiguous language used in the statutes, we think appellant's contention as above stated cannot be sustained. The identical question has recently been decided against appellant's contention by the Court of Civil Appeals at Eastland in the case of McGlothlin v. Coody, 39 S.W.(2d) 133. The opinion in this case reviews the authorities on the point and we adopt the conclusions therein reached by that court. The Supreme Court granted a writ of error in the McGlothlin v. Coody Case, 59 S.W. (2d) 819, 821, and the Commission of Appeals, in an opinion sustaining the Eastland Court of Civil Appeals, construed articles 5447 and 5448 and held:

" 'However, the articles involved here are 5447 and 5448, and it appears that, according to the provisions of article 5447 the clerk of a court, upon an application having been made, shall make out, certify, and deliver to the applicant an abstract of judgment, showing five different things, the first of which is that the abstract shall show the names of the plaintiffs in the judgment, and of the defendants in the judgment, not the name of one of the plaintiffs, and not the name of one of the defendants, but the names of the several defendants, if there be several, and the names of the several plaintiffs, if there be several, appearing upon the face of the judgment. After this has been done, and this instrument has been handed to the clerk, where it is sought to create a lien, then, according to article 5448, this clerk shall record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record, and, after he has done this, the clerk is required to enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment and the number of the page of the book upon which the abstract is recorded. In other words, the judgment lien given by plaintiff in a judgment is purely a statutory one, and a person who asserts that he has such a lien must show that each and every requirement of the statute has been followed in order that he shall establish the existence of such lien.'

"We regard the interpretation of the statutes by the Commission of Appeals as sound, and overrule appellant's contention that the abstract here involved as issued and recorded created a valid judgment lien

against the property sought to be sold under execution."

We adhere to the above holding.

Therefore the judgment of the trial court is in all things affirmed.