MIDLAND COUNTY V. ESTATE OF C. R. TOLIVAR ET AL.

No. 7698. Decided November 19, 1941.
(155 S. W., 2d Series, 921.)

*Meritt F. Hines, W. R. Blain* and *D. E. O'Fiel*, all of Beaumont, for plaintiff in error.

*Howth, Adams & Hart* and *Lipscomb & Lipscomb*, all of Beaumont, for defendants in reror.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by the county attorney of Midland County, on behalf of the county, against defendants in error to foreclose an alleged abstract of judgment lien on land in Jefferson County. The application for the writ was granted under the tentative view that the affirmance of the trial court's judgment for defendants by the Court of Civil Appeals, was erroneous, due to a misconstruction of articles 5447, 5448 and 5449 of the Revised Civil Statutes (1925). See opinion, 134 S. W. (2d) 477, for a statement of the question decided upon appeal.

The lien sought to be foreclosed is alleged to have been created by the filing in Jefferson County of an abstract of a judgment procured by Midland County as plaintiff in the district court of that county against C. R. Tolivar, whose estate is one of the defendants in error.

There were no disputed facts upon the trial of the case. The judgment described in the abstract of judgment under consideration varies from the judgment itself in the following particulars: The judgment itself is for $1,000.00.. It neither bears, nor recites that it bears, interest; but the abstract of the judgment, the recording of which is relied upon by plain-

tiff as creating the lien sought to be foreclosed, recites that the judgment bears interest at the rate of 10 per cent. per annum from its date (February 19, 1931). The account for which the judgment was rendered and balance due thereon when abstracted, was $1,000.00 plus costs in the sum of $13.15; whereas the abstract of the judgment recites that "there is now still due on said judgment $1,000.00 * * * with interest on said amount from the 19th day of February, 1931, at the rate of ten per cent per annum and $13.15 costs of suit."

The final conclusion of law filed by the trial court is as follows: "I further conclude that because the said abstract recites that it bore Ten (10%) per cent interest from its date * * * no lien was created against any property belonging to the said C. R. Tolivar by reason of the filing and recording of said abstract of judgment in Jefferson County, * * *."

The opinion of the Court of Civil Appeals correctly states that the sole question presented upon the appeal was whether the abstract recorded created a lien on the land. The gist of plaintiff in error's sole proposition is that the erroneous inclusion in the abstract judgment of a rate of interest when none was specified in the judgment, "was immateriality * * *."

We are convinced upon final consideration of the case that the courts below were correct in their holding that no lien was created by recording the abstract of judgment in question, and that the authorities cited in the opinion sustain the holding.

The first case cited, McGlothlin v. Coody (Com. App.), 59 S. W. (2d) 819, holds affirming the judgment of the Court of Civil Appeals, that the authorities are substantially in harmony that *"before one can create a judgment lien under the statute, by registering an abstract of judgment, he must comply with all requirements of the statute."* (Italics ours).

It is obvious from the two variances between the judgment and purported abstract thereof, pointed out above, that the abstract fails to meet, even substantially, two of the five requirements of Article 5447, namely, (the fourth) that the amount for which the judgment was rendered and *balance due thereon* be shown, and (the fifth) that the rate of interest specified in the judgment, be shown. See in this connection Shirley v. Trust Co. of Texas (wr. ref.), 69 S. W. (2d) 835, in which the Court of Civil Appeals recognizes by its majority

opinion that the question there presented (similar in essential features to that presented here) had been set at rest by the opinion in the McGlothlin case. Application for writ of error was refused by this Court in the Shirley case, thus confirming the view of the Court expressed in its majority opinion.

We adopt, in connection with what has been stated above, the opinion of the Court of Civil Appeals. Its judgment affirming that of the trial court is affirmed.

Opinion adopted by the Supreme Court November 19, 1941.

The opinion of the Court of Civil Appeals, delivered November 9, 1939, by MR. CHIEF JUSTICE WALKER, of the Ninth Supreme Judicial District, is as follows:

This appeal presents only one point—the validity of an abstract of judgment lien, asserted by appellant against land claimed by certain of the appellees. The lower court held that the abstract of judgment plead by appellant was void and created no lien against the land in controvresy. The judgment was correct, on th efollowing fact conclusion filed by the trial court:

"I find that although the judgment did not bear any interest, the Abstract of Judgment as prepared by the Clerk recited that it bore interest at the rate of Ten (10%) per cent per annum, and that the amount due thereon, was One Thousand ($1,000.00) Dollars, with Ten (10%) per cent interest and cost."

Arts. 5447 and 5448 and 5449, R. S. of Texas; McGlothlin v. Coody (Com. App.) 59 S. W. (2d) 819,821; Askey v. Powers, 21 S. W. (2d) 326, affirmed 36 S. W. (2d) 446; 26 Tex. Juris. 362, Sec. 521, and cases cited; Magless v. State, 112 Texas Crim. Rep., 646, 18 S. W. (2d) 669; Noble v. Barner, 22 Texas Civ. App. 357, Glasscock v. Stringer, 32 S. W. 920; Blakenship v. Herring, 62 Texas Civ. App. 298, 132 S. W. 882; Anthony v. Taylor, 68 Texas 403, 4 S. W. 531; Willis v. Sanger, 15 Texas Civ. App. 655, 40 S. W. 229; Wicker v. Jenkins, 49 Texas Civ. App. 366, 108 S. W. 188, 190.

The judgment of the lower court is in all things affirmed.