In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00081-CV


______________________________




MICHAEL S. ROGERS AND AUDREY DIANE ROGERS, Appellants



V.



TOMMY PEELER, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 2006-659-B-1




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss


Dissenting Opinion by Justice Moseley


O P I N I O N


 Michael S. Rogers and Audrey Diane Rogers (collectively, Rogers) appeal from a declaratory
judgment that Tommy Peeler's October 17, 2003, abstract of judgment (1)
 was valid and effective. 
Rogers contends that the ruling is erroneous because the abstract lists the wrong date of judgment
and the wrong interest rate. Because the abstract substantially complies with the statutory
requirements, we affirm the trial court's judgment.

 Rogers and Peeler filed competing motions seeking declaratory relief concerning the validity
of Peeler's abstract of judgment against Rogers. The trial court ruled that the abstract was valid, and
that judgment was later severed from the remaining action to create a final and appealable order.

 The sole question before this Court is whether the trial court erred by declaring valid the
abstract of judgment filed October 17, 2003. 


 The parties in this case stipulated to the sequence of relevant 2003 events: 

 October 16: The trial court signed the initial judgment.

 October 17: Peeler filed the abstract of judgment.

 October 27: Michael Rogers married Audrey Littleton. (2)

 November 10: Rogers filed a motion to modify the judgment.

 November 19: The trial court signed an amended judgment.

 Peeler filed the abstract promptly after the trial court signed the initial judgment. Then, while
it had plenary power to do so, the trial court signed an amended judgment altering the interest rate. 
The only amendment to the judgment was the lowering of the interest rate on the judgment from ten
percent to five percent in order to meet the statutory requirements. The abstract itself specifies the
names of the plaintiffs and defendant, the number of the suit in which judgment was rendered, the
defendant's address, the date of initial judgment, the amount of the judgment and balance due, and
the rate of interest specified in the initial judgment. 

 In Texas, no lien is created by the mere rendition of a money judgment. Citicorp Real
Estate, Inc. v. Banque Arabe Internationale D'Investissement, 747 S.W.2d 926, 929 (Tex.
App.--Dallas 1988, writ denied). To create an enforceable judgment lien against real property
owned  by  the  judgment  debtor,  the  judgment  creditor  must  comply  with  the  requirements  of
Chapter 52 of the Texas Property Code. Id.; see Tex. Prop. Code Ann. §§ 52.001-.043 (Vernon
2007 & Supp. 2008). "The judgment creditor's first step in creating a judicial lien is to obtain an
abstract  of  the  judgment."  Citicorp  Real  Estate,  747  S.W.2d  at  929;  see  Tex.  Prop.  Code
Ann. § 52.002. When properly recorded and indexed, an abstract of judgment creates a judgment
lien on nonexempt real property that is superior to the rights of subsequent purchasers and
lienholders. John F. Grant Lumber Co. v. Hunnicutt, 143 S.W.2d 976 (Tex. Civ. App.--Waco 1940,
no writ). The purpose of an abstract of judgment is to create a lien against the judgment debtor's real
property and to provide notice to subsequent purchasers and encumbrancers of the existence of the
judgment and lien. Olivares v. Birdie L. Nix Trust, 126 S.W.3d 242, 247 (Tex. App.--San Antonio
2003, pet. denied).

 An abstract of judgment must show:

 (1) the names of the plaintiff and defendant;

 (2) the birthdate and driver's license number of the defendant if available
to the clerk or justice;

 (3) the number of the suit in which the judgment was rendered;

 (4) the defendant's address, or if the address is not shown in the suit, the
nature of citation and the date and place of service of citation;

 (5) the date on which the judgment was rendered;

 (6) the amount for which the judgment was rendered and the balance due;

 (7) the amount of the balance due, if any, for all child support arrearage; 
and

 (8) the rate of interest specified in the judgment. 

 

Tex. Prop. Code Ann. § 52.003. "It is well settled in Texas that it is the judgment creditor's
responsibility to ensure that the clerk abstracts the judgment properly." Olivares, 126 S.W.3d at
247. (3) 

 An abstract must substantially comply with those requirements before a judgment creditor's
lien will attach. Wilson v. Dvorak, 228 S.W.3d 228, 233 (Tex. App.--San Antonio 2007, no pet.);
Olivares, 126 S.W.3d at 248; Citicorp Real Estate, 747 S.W.2d 926. This concept of substantial
compliance makes allowances for minor deficiencies in a required element but does not include
forgiveness of a total omission of a statutorily required element. Wilson, 228 S.W.3d at 233.

 The statutory requirements are not to be enforced blindly. The central question in each case
is the adequate provision of notice to the public through the filing of an adequate abstract. In a
recent decision, the San Antonio Court of Appeals found a technically correct abstract to be
inadequate because the judgment debtor had married, and the name on the abstract was indexed
under the debtor's maiden name. Because of that, a purchaser of the property could have discovered
the judgment lien only by reviewing every record in the county. The court found that did not provide
the notice contemplated by the statute. Wilson, 228 S.W.3d 228.

 Rogers argues that Peeler's abstract is incorrect in that both the date of the judgment and the
interest rate are inaccurate as stated in the abstract, because they do not match the amended
judgment. We disagree.

 Merely reciting the wrong date of judgment does not destroy the lien of an abstract of
judgment; such an abstract still may substantially comply with the statutory requirements. Smith v.
Adams, 333 S.W.2d 892 (Tex. Civ. App.--Eastland 1960, writ ref'd n.r.e.) (one-day error in date);
Guar. State Bank of Donna v. Marion County Nat'l Bank, 293 S.W. 248 (Tex. Civ. App.--San
Antonio 1927, no writ) (three-day error in date).

 Peeler correctly points out that the two-judgment opinions cited by Rogers address how to
calculate the appellate timetable when there is an amended judgment. Those opinions do not address
the effect of an amended judgment on the validity of an abstract of judgment. Rogers asserts that
the new written judgment replaces the old one. While the amended judgment does stand in place
of the original judgment, we believe there are valid reasons the amendment should not invalidate the
judgment lien.

 First, we note that Rogers' motion was entitled a "Motion to Modify Judgment" and sought
to change not the judgment proper--that is, the amount of the judgment or the identification of the
parties as of the date the judgment was rendered--but only the interest rate that would be accruing
on the judgment thereafter, the so-called "judgment rate." Rule 329b of the Texas Rules of Civil
Procedure makes a distinction between a "motion to modify, correct, or reform" a judgment, on the
one hand, and a motion for a new trial or a motion to vacate a judgment, on the other hand. One
seeks only to adjust one or more aspects of the judgment that was rendered, others seek a path
leading to an entirely new judgment. Compare Tex. R. Civ. P. 329b(a), (d), (g). Rogers' motion
asked the trial court not to change the judgment it actually rendered, but to accurately reflect in the
written judgment the statutorily mandated "judgment rate" of interest under Section 304.003 of the
Texas Finance Code, as that rate stood as of the date the judgment was originally rendered. See Tex.
Fin. Code Ann. § 304.003 (Vernon 2006). This, we believe, was not a request for a new judgment,
but a request that the one and only judgment be corrected.

 There is also the question of when a judgment is rendered. The statute specifies that the date
on which judgment was rendered is to be included. Judgment is rendered when the trial court
officially  announces  the  decision  in  open  court  or  by  written  memorandum  filed  with  the
clerk. S & A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995). The written judgment is then
to correctly set out that judgment, a concept explained in detail by the opinions addressing nunc pro
tunc judgments. We are always to look to the judgment actually rendered. Escobar v. Escobar, 711
S.W.2d 230, 231 (Tex. 1986). After a trial court has lost plenary power over a judgment, a final
written judgment should be corrected only if it incorrectly states the judgment actually rendered. Id.
at 231-32; see In re Broussard, 112 S.W.3d 827, 833 (Tex. App.--Houston [14th Dist.] 2003, no
pet.). The importance of the date the written judgment is signed is to provide certainty in calculating
procedural timetables. See Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b.

 Here, the trial court did not render two different judgments. In the amended judgment, the
amount of recovery was restated, not changed, and the interest rate was lowered to the correct
statutory level. Thus, the only real change accomplished by the amendment was to correctly apply
statutory interest to the judgment, not to change the amount of the judgment rendered.

 The second date of signing is irrelevant for these purposes. The statute dealing with abstracts
of judgment does not focus on the date of signing of the judgment, but the date of rendition, and the
fact that a second judgment making no more than minor corrections was later signed by the court
does not indicate a second rendition of judgment by the trial court. (4)

 We conclude that the abstract's recitation of the date on which the judgment was originally
signed, along with the other accurate information, is sufficient to provide the notice required by the
statute and thus substantially complies with the statute.

 But, did the later amendment of the postjudgment interest rate create a defect in the abstract
which was more than minor? Did such a change invalidate the lien? We think not.

 Admittedly, some older cases suggest that an abstract of judgment does not substantially
comply with the statute if it contains an error in the numerical amount of a required element. In
1941, the Texas Commission of Appeals was faced with an abstract of judgment that misstated the
amounts of the judgment and of the balance due and recited a certain rate of interest on the judgment,
even though the judgment itself did not specify any postjudgment interest rate. The court determined
that  the  "abstract  fails  to  meet,  even  substantially,  two  of  the  five  requirements  of  article
5447 . . . ." Midland County v. Tolivar's Estate, 155 S.W.2d 921, 922 (Tex. Comm'n App. 1941,
opinion adopted); see also Lemons v. Epley Hardware Co., 197 S.W. 1118, 1119 (Tex. Civ.
App.--El Paso 1917, no writ) (judgment rendered for $48.50, including principal, accrued interest,
and attorney's fees; costs were $3.90; abstract recited amount of judgment as $37.50; no lien
attached).

 Tolivar's Estate has been cited by two cases as far as we could find. In 1984, the El Paso
Court of Appeals held that an abstract of judgment created no lien, citing Tolivar's Estate; but the
El Paso court was faced with an abstract that contained many errors and omissions: the abstract
misidentified the parties, made no reference to the birthdate or driver's license number of the
defendant, did not recite the case number, did not recite the date of the judgment, and showed no
interest rate. See Reynolds v. Kessler, 669 S.W.2d 801, 804 (Tex. App.--El Paso 1984, no writ). 
That is not comparable to the situation facing us.

 In 1992, the Tyler Court of Appeals was faced with an abstract which recited no formal
address for the judgment debtor, but instead listed the debtor's address as "Tenaha Hwy, Center, TX." 
The Tyler court listed Tolivar's Estate in a footnote along with seven other cases cited by their
appellant, and the court distinguished the list of cases on the basis that they each involved abstracts
which either misstated the sum due or omitted a party to the judgment. See Apostolic Church v. Am.
Honda Motor Co., 833 S.W.2d 553, 555 (Tex. App.--Tyler 1992, writ denied) (judicial notice taken
that listed highway location substantially complied with address requirement, notwithstanding
omission of formal address).

 Though Tolivar's Estate has been sparsely cited since it was issued more than sixty-five years
ago, it has not been expressly overruled. But we distinguish it from the case before us. In Tolivar's
Estate, not only were the amounts of the original judgment and the balance due misstated, but also
the abstract erroneously reported a totally absent, postjudgment interest rate as a stated interest
rate--in the process, completely misrepresenting the interest rate, a deficiency, in our opinion,
equivalent to totally omitting a required element. An abstract can substantially comply with the
statute with minor deficiencies in required elements, not with total omission of an element. Olivares,
126 S.W.3d at 248; Citicorp Real Estate, 747 S.W.2d at 930. In our case, the postjudgment interest
rate was changed after the abstract was issued and filed, and the abstract was not reissued to reflect
the amended interest rate or the date that rate was amended.

 Certain defects have been found not to disqualify an abstract from creating a lien. See, e.g.,
Apostolic Church, 833 S.W.2d at 555 (recitation of general highway location substantially complied
with address requirement, notwithstanding omission of formal address); Houston Inv. Bankers Corp.
v. First City Bank, 640 S.W.2d 660, 662 (Tex. App.--Houston [14th Dist.] 1982, no writ) (lien
created where party name "First City Bank of Highland Village" abbreviated to "First City Bank of
H.V."); Fred Rizk Constr. Co. v. Cousins Mortgage & Equity Invs., 627 S.W.2d 753, 756 (Tex.
App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.) (reciting defendant's birthdate and driver's license
number depends on availability of information to county clerk); Mullins v. Albertson, 136 S.W.2d
263, 264 (Tex. Civ. App.--San Antonio 1940, writ ref'd) (defendant identified as "G.W. Albertson"
instead of "G.M. Albertson"); and Citizens State Bank v. Del-Tex Inv. Co., 123 S.W.2d 450, 452
(Tex. Civ. App.--San Antonio 1938, writ dism'd, judgm't corrected) (judgment rendered in "92nd"
not "93rd" district court).

 And more recent cases do seem to have a bit more lenient attitude in determining substantial
compliance. See Hoffman, McBryde & Co. v. Heyland, 74 S.W.3d 906, 910 (Tex. App.--Dallas
2002, pet. denied) (subsequent payment, not reflected in abstract already on file, did not invalidate
lien; discussion distinguishing older authorities); Apostolic Church, 833 S.W.2d at 555 (recitation
of general highway location substantially complied with address requirement, notwithstanding
omission of formal address).

 There is no allegation that the abstract of judgment in this case was erroneous when issued
and filed. It correctly reflected all the required information from the original judgment. There is also
no indication that the abstract was improperly issued, recorded, or indexed. Therefore, that original
abstract of judgment substantially complied with the statute and thus created a lien on the Rogers
property before the marriage and before the amendment of the judgment. See Heyland, 74 S.W.3d
at 910 (subsequent payment, not reflected in abstract already on file, did not invalidate lien). The
stated interest rate and date of judgment became issues only after the judgment was amended to
change the rate.

 The purposes of the abstract-of-judgment statute are "to provide a means of ascertaining the
existence of judgment liens and to indicate the source from which full information may be obtained." 
Houston Inv. Bankers Corp., 640 S.W.2d at 662; see Heyland, 74 S.W.3d at 910. Those purposes
are met by the abstract of judgment in the case before us, especially given that it was correct when
issued, filed, and indexed. Cf. Heyland, 74 S.W.3d at 910.

 We conclude that the abstract of judgment substantially complied with the statutory scheme,
notwithstanding the subsequent amendment of the judgment to reduce the postjudgment interest rate. 
The judgment lien created by the filing of the abstract of judgment, thus, remains viable.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice



DISSENTING OPINION



 As is his usual practice, our Chief Justice has written a comprehensible and scholarly
opinion. I find no disagreement with the argument he employs except in one respect: I believe that
an abstract of judgment which makes reference to a document other than a final judgment is not in
substantial compliance with the requirements of the Texas Property Code (5) and, therefore, does not
operate to create a lien. 

 This is not a situation in which an abstract of judgment is a reference to a valid judgment,
but which incorrectly states the date it was rendered or even that it incorrectly states the interest rate
the judgment recites. The majority points out that Section 52.003 of the Texas Property Code
requires that an abstract of judgment "must show" the following:

 (1) the names of the plaintiff and defendant;

 (2) the birthdate and driver's license number of the defendant if available to the clerk
or justice;

 (3) the number of the suit in which the judgment was rendered;

 (4) the defendant's address, or if the address is not shown in the suit, the nature of
citation and the date and place of service of citation;

 (5) the date on which the judgment was rendered;

 (6) the amount for which the judgment was rendered and the balance due;

 (7) the amount of the balance due, if any, for all child support arrearage; and

 (8) the rate of interest specified in the judgment. 


Tex. Prop. Code Ann. § 52.003 (emphasis added). As can be seen, there are four references in the
statute to the judgment itself. The judgment is central and antecedent to the creation of a valid lien.

 Unless otherwise specially provided by law, only one final judgment shall be rendered in any
cause. Crabtree v. Crabtree, 627 S.W.2d 486, 487 (Tex. App.--Corpus Christi 1981, no writ);
Hammett v. Lee, 730 S.W.2d 350, 351 (Tex. App.--Dallas 1987, writ dism'd w.o.j.). When a
judgment is modified, the original judgment becomes, for all practical purposes, a nullity. Tex. R.
Civ. P. 329b.

 The judgment which was abstracted here was the original judgment dated October 16, 2003;
the abstract of judgment was issued by the clerk of the court on the following day, October 17, 2003.
A final (amended) judgment in the case was not rendered until October 19, 2003. Therefore, the
abstract of judgment could not have made reference to "the judgment" rendered in the matter; it did
not exist until after the abstract of judgment was entered. The abstract of judgment made reference
to a judgment which was no longer in force and effect.

 While it is true that the information contained in the abstract of judgment provided
information from which the information about the location of the final judgment could be gleaned, 
that is not what the statute requires. An affidavit, duly filed with the county clerk, would likewise
provide that information, but it would not operate to affix a lien. 

 My difference with the majority lies in what is meant by "substantial compliance" with the
requirements for a valid abstract of judgment. I believe that reference in an abstract of judgment to
an invalid judgment is not substantial compliance with the statute and, therefore, does not create a
valid lien. 



 







 I respectfully dissent.





 Bailey C. Moseley

 Justice


Date Submitted: October 2, 2008

Date Decided: November 12, 2008

1. The underlying dispute was the subject of a 2004 appeal to this Court. Our introductory
paragraph to that opinion follows, to create a context for this proceeding--the attempt to recover on
the judgment. 


 Tommy Peeler and Michael S. Rogers were adjoining landowners who had an
ongoing boundary line dispute. Rogers shot and severely injured Peeler during a
confrontation over Rogers crossing over onto Peeler's property while riding a
four-wheeler. Peeler sued Rogers for this assault, seeking compensatory and punitive
damages. The jury returned a verdict awarding Peeler $1,250,000.00 in damages, and
the trial court rendered judgment in accordance with the jury's verdict. Rogers
appeals . . . . We affirm.


Rogers v. Peeler, 146 S.W.3d 765, 767 (Tex. App.--Texarkana 2004, no pet.).

2. The marriage is the real underlying reason for this argument--the question of homestead and
whether single or married quantities apply remains to be determined in the portion of this action that
was severed and remains before the trial court.
3. The statute mandates that the clerk "immediately record in the county real property records
each  properly  authenticated  abstract  that  is  presented  for  recording."  Tex.  Prop.  Code  Ann.
§ 52.004. At the same time the abstract is recorded, the clerk is required to enter on the alphabetical
index of the real property records the name of each plaintiff and each defendant, and the volume and
page or instrument number in the record in which the abstract is recorded. Id. 
4. We also note that the underlying tort lawsuit was the subject of a jury trial.
5. Tex. Prop. Code Ann. § 52.003 (Vernon 2007).