CENTRAL COAL & COKE CO. v. SOUTHERN NATIONAL BANK OF NEW YORK.

No. 1012.

**1. Judgment—Dormancy—Yearly Issuance of Execution.**

A judgment upon which execution has issued within one year from the date of its rendition, does not become dormant by reason of the failure to issue execution yearly thereafter. Rev. Stats., Arts. 3210, 3160, construed.

**2. Judgment Lien—Receivership Proceeding.**

The failure of a judgment creditor to intervene in proceedings against his debtor wherein a receiver was appointed, as required by order of court of creditors in general, will not affect his rights and lien as against a bona fide purchaser of real property of the debtor at a receiver's sale thereof, such creditor not being a party to the receivership proceeding. Following Railway v. Johnson, 76 Texas, 421.

**3. Judgment Lien—Record of Abstract of Judgment—Indexing.**

The filing of an abstract of judgment does not create a lien against the judgment debtor, unless it be indexed under the appropriate letter beginning the name of the judgment debtor, as well as under that of the judgment creditor.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*Hudgins & Estes,* for appellant.—1. The judgment sought to be enforced by the levy of a general execution on appellant's land was dormant at the time of the issuance of said execution. Rev. Stats., art. 3210; Paschal's Dig., art. 4608; DeWitt v. Jones, 17 Texas, 623; Willis v. Stroud, 67 Texas, 518; Black v. Epperson, 40 Texas, 182; Sampson v. Wyett, 49 Texas, 631; Adams v. Crosby, 84 Texas, 101, 102; Russell v. McCampbell, 29 Texas, 39; Baron v. Thompson, 54 Texas, 241.

2. The remedy by injunction was properly invoked to restrain the

levy of the execution issued from the dormant judgment. Watson v. Newsham, 17 Texas, 437; North v. Swing, 24 Texas, 194; Freeman on Executions, sec. 438; High on Injunctions, sec. 147.

3.   The Southern National Bank had no valid judgment lien upon the premises mentioned in plaintiff's petition; because the abstract of its judgment was not indexed in the Bowie County registry as required by the statute. Miller v. Koertge, 70 Texas, 163; Nye v. Moody, 70 Texas, 434; Gin Company v. Oliver, 78 Texas, 182.

*Todd & Rodgers,* for appellee.—1.   The judgment of the Southern National Bank against Bowie Lumber Company was not dormant at the time of the issuance of the second, or alias execution. 2 Sayles' Civ. Statute, arts. 3158, 3159, 3160; Millican v. Ware, 84 Texas, 308; Masterson v. Cundiff, 58 Texas, 472; Barron v. Thompson, 54 Texas, 235.

2.   Appellee was in no wise bound by the receivership proceedings against the Bowie Lumber Company, said proceedings being res inter alios acta, and appellee never having been a party to same; and before the issuance of the execution enjoined said receivership proceedings were closed, the receiver discharged and the property of the Bowie Lumber Company returned to it. Railway v. Johnson, 76 Texas, 421; same case, 155 U. S., 81.

RAINEY, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellant against appellee seeking to enjoin the sale of land under execution issued by virtue of a judgment in favor of appellee against the Bowie Lumber Company, the Jefferson Lumber Company, and J. H. Bemis.   A general demurrer to plaintiff's petition was sustained, plaintiff declined to amend, and the bill was dismissed.   From this action of the court, this appeal is perfected.

The petition of plaintiff, by proper averments, shows that on June 23, 1892, the appellee recovered a judgment against the two lumber companies and J. H. Bemis, as above stated; an execution was issued thereon August 3, 1892, which was returned nulla bona.   On May 11, 1893, an abstract of said judgment was recorded in judgment record number one of Bowie County, where the judgment was rendered, and where the land in controversy is situated; and on September 18, 1893, an alias execution was issued by virtue of said judgment, and levied on the land in controversy, the sale of which thereunder is sought to be enjoined herein.   That on January 5, 1893, the District Court appointed a receiver of the Bowie Lumber Company, and its property was administered by said court; that the land in controversy was a part of said estate, and plaintiff purchased said land through said receivership and became the owner thereof, for value, without notice of appellee's claim; that upon the appointment of said receiver, the court issued an order that all creditors of said Bowie Lumber Company should intervene in said cause within sixty days; that appellee failed to intervene, and on May 20, 1893, all the valid debts of said company were paid off in full

and the receiver discharged. That plaintiff had placed large and valuable improvements thereon, had erected thereon a new and valuable saw and planing mill, had contracted for a large amount of machinery to operate said mill, and had erected other buildings thereon.

Plaintiff further averred that said judgment was dormant, and "that the pretended record of said abstract confers no lien upon its said property, for the following reasons, to-wit:

"First. Because if such lien ever did exist, the same has lapsed and failed by reason of the lapse of more than twelve months between the issuance of the two executions from the said judgment as aforesaid; and,

"Second. For the reason of the following facts, to-wit: Before your complainant purchased and acquired said property, and at that time, it made diligent search of the records of Bowie County for any claim or liens against said property, and was able to ascertain none; and it then and there inquired of the county clerk of said Bowie County whether there were any abstracts of judgment on record against the said Bowie Lumber Company, and was informed by him that there were none; that it diligently searched the index which was in the beginning of said judgment record number one, where it is pretended that said abstract was recorded, and no such judgment or abstract was therein indexed, nor has the same ever been indexed therein except since the levy of the said execution, since which time the said clerk has caused said abstract to be indexed in said book; that prior to complainant's said purchase and investigation of said records, the said county clerk had and kept a regular alphabetical index of all judgments therein abstracted at the beginning of said volume one, and embraced in said book, which index was not and has not been exhausted, but is still kept and used. Wherefore, no judgment lien attached; but your complainant, since the said levy of the said execution, is informed by said county clerk of Bowie County that he had a separate, another, and second, and additional index to said judgment record book wherein it is pretended that the said abstract was properly indexed; that complainant and its attorneys had no knowledge of the existence of said second index, and knows of no reason why the same should have been kept, and was not informed of its existence by said clerk at the time they made the investigation of said records, as aforesaid. And complainant further avers that even in said pretended second index the abstract of judgment aforesaid is not properly or legally indexed so as to create any lien, because the name of the plaintiff in said judgment is 'The Southern National Bank of New York,' which is the true and correct corporate name of said bank; that said pretended separate and second index contains no mention of the said judgment in its list of plaintiffs' names, beginning with the letter T, but in the index of names beginning with the letter S, there is now apparent the following separate entries: Plaintiff's name, 'Southern National Bank of New York,' defendant's name, 'The Bowie Lumber Company,' after which, without mentioning the said other defendants as parties to the judgment, follows the figures

'108,' to indicate the page of said first volume on which said record purports to have been made, and on the said index appears the following additional entries, each separate: 'Southern National Bank of New York v. Jefferson Lumber Company,' and 'Southern National Bank of New York v. J. H. Bemis.' In neither of these entries are all the parties defendant to said judgment named or indicated, neither is there any reverse index apparent upon said pretended second index showing anywhere the names of the parties to said judgment. The complainant and its attorneys never did have any knowledge or notice of the existence of the said pretended judgment lien until after the said execution was levied as aforesaid.

"For reason of all of which your complainant respectfully submits that the said property is in nowise liable to the said levy; that the Southern National Bank of New York has no valid lien or claim upon the same; that the said judgment and pretended lien are dormant, and that the levy of. said execution upon your complainant's property is wrongful and illegal.

"And your complainant now here shows that it will suffer an irreparable loss, damage and injury if said property should be permitted to be sold under said execution, because such sale would cause a cloud upon your complainant's title, and further, because the same interferes with and stops its construction and completion of the said large and valuable improvements, and its contracts for machinery and supplies, and other necessary improvements can not be consummated with such a cloud resting upon its title," etc.

It is contended by appellant that the judgment sought to be enforced was dormant at the time the execution was issued, as a period of more than twelve months had elapsed since the issuance of the former execution, and that it was necessary to revive the judgment before the lien could be enforced.

There are some decisions of our Supreme Court that seem to support this contention, but those decisions were construing statutes passed before the adoption of our Revised Statutes in 1879. So far as we have been able to ascertain, none of our Appellate Courts have been heretofore called upon to construe the law upon this subject as it now exists, consequently we will construe it in this case according to the plain import of the language used in the statutes.

Article 3210, Revised Statutes, provides that, "a judgment in any court of record within this State, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after the date of such judgment, and not after."

This statute evidently authorizes a renewal of a judgment within ten years from the rendition of the judgment only in the event there has been a failure to have execution issued within twelve months after its rendition. It follows that the converse of this is true, that is, when an execution issues within twelve months after the rendition of the judg-

ment, the same will not become dormant until ten years after its rendition.

This construction, in our opinion, is in strict accord with the provisions of article 3160, which provides, "When a lien has been acquired, as provided in this chapter, it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case said lien shall cease to exist." The manner of acquiring a lien is by having an abstract of the judgment recorded and indexed. Articles 3153-3159. To secure the lien by the recording and indexing of such abstract, it is essential that execution issue within twelve months after the rendition of the judgment.

We are unable to see the force of the contention that an execution shall issue every twelve months in order to keep the judgment alive. Such evidently was not the intention of the lawmakers, or they would have used different language to have conveyed such a meaning.

In the case of Millican v. Ware, 84 Texas, 308, the Supreme Court, in discussing the dormancy of judgments under former statutes, adverts to the present law, and very plainly shows that if called upon to construe the latter it would not uphold appellant's contention.

If we should have to invoke the common law in this case, we would be compelled to hold that all necessary diligence was used to keep the judgment under consideration from becoming dormant. Freeman on Judgments, secs. 51-83. The petition of appellant showed upon its face that the judgment was not dormant, and the same was insufficient in that respect.

Nor was the allegation of the receivership proceedings sufficient. There is no allegation that appellee was a party to such proceedings, or that it was required to intervene therein, and therefore appellant's rights were not affected by such proceedings. Railway v. Johnson, 76 Texas, 421, and 155 U. S., 81.

Appellant further contends that the allegations of its petition show that the abstract of appellee's judgment against the Bowie Lumber Company was not properly indexed; that no lien was acquired thereby; that when it purchased the land there was no encumbrance thereon, and appellee has no right to sell same for the payment of its debt. Under the statute, it is as necessary to properly index as it is to record the abstract of judgment. Miller v. Koertge, 70 Texas, 167.

If the facts exist as alleged, and for the purposes of this investigation they are taken as true, the abstract of the judgment was not properly indexed. While the allegations are not clear as to how two indices existed, it is shown that only in the additional index the abstract was attempted to be indexed, and then only under the letter S, under which it was proper to look for the appellee's name, which was the judgment creditor. This was not sufficient. It should have also been placed under the letter that was the beginning letter of the Bowie Lumber Company, the judgment debtor. While the law does not in explicit terms

say that there shall be a reverse or cross index, the evident intention was that the abstract of judgment should be so indexed that by an inspection of the index one could readily learn if a judgment had been rendered. The index is usually examined to see if a lien has been fixed on the property of some person with whom one is dealing. Not knowing of the existence of a judgment, if any, they would naturally look under the letter with which the name of that person began; and if it was not thus indexed, the party seeking information would have to start at the beginning of the index and search name by name as it appeared until the name looked for was reached, if reached at all. Such was never contemplated by the Legislature. Gin Company v. Oliver, 78 Texas, 182.

We think the court erred in sustaining the general demurrer, in view of the allegations as to the indexing of the abstract of judgment. For this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 11, 1896.