## FORDYCE–CROSSETT SALES CO. v. ERWIN et al.

### No. 4950.

Court of Civil Appeals of Texas. Amarillo.

Nov. 7, 1938.

Underwood & Strickland, of Amarillo, for plaintiff in error.

E. A. Bills, of Littlefield, for defendants in error.

FOLLEY, Justice.

This trespass to try title suit was brought by Grady Erwin, defendant in error herein, plaintiff in the trial court, against Fordyce-Crossett Sales Company, E. E. Patterson and Foxworth-Galbraith Lumber Company, all defendants in the trial court. The suit involved title to lots Nos. 4, 5 and 6, in block No. 14, of the Original Town of Littlefield, in Lamb County, Texas. The Foxworth-Galbraith Lumber Company filed a disclaimer, E. E. Patterson filed a plea of not guilty, and the Fordyce-Crossett Sales Company, the only plaintiff in error herein, filed a plea of not guilty and a cross-action, alleging ownership of the property by reason of a purported judgment lien and execution sale. The defendant in error, Grady Erwin, in reply to such cross-action, attacked the abstract of judgment record upon which the Fordyce-Crossett Sales Company asserted title to such property. The cause was submitted to the court without the aid of a jury. From a judgment in favor of Grady Erwin, the Fordyce-Crossett Sales Company has appealed to this court by writ of error. We shall designate the parties to this appeal as they were known in the trial court.

In the trial of the case it was agreed by the parties that the Lamb County Lumber Company, a corporation, was the common source of title. On November 16, 1934, the defendant, Fordyce-Crossett Sales Company, recovered judgment in the county court of Lamb County against the Lamb County Lumber Company in Cause No. 621, in the sum of $874.54. An abstract of such judgment was recorded in Volume 1, page 340, of the Abstract of Judgment Records of Lamb County on November 21, 1934. At such time the Lamb County Lumber Company was the owner of the property herein involved. On October 10, 1935, by virtue of an execution in Cause No. 621, the constable levied upon such property. Under such execution the property was purportedly sold to the defendant by the constable's deed of the date of November 5, 1935. Prior thereto, on April 11, 1935, the Lamb County Lumber Company was adjudged a bankrupt in the District Court of the United States for the Northern District of Texas, at Lubbock. Under such bankruptcy proceedings, on May 18, 1935, the property was transferred by the trustee in bankruptcy to W. M. Brewer, who purchased said property in his own name for Acrey Barton. On February 26, 1936, the property was transferred by deed from Brewer and wife to the plaintiff, Grady Erwin.

It is conceded by the parties to this appeal that the plaintiff acquired rights in the property superior to that of defendant unless the abstract of judgment in Cause No. 621 created a lien upon the property in favor of the defendant. By appropriate assignment the defendant asserts that the recording and indexing of such abstract of judgment was in compliance with the provisions of Articles 5447, 5448, Revised Civil Statutes of Texas, and art. 5449, Vernon's Ann.Civ.St. art. 5449, and that the trial court erred in not recognizing the validity of its lien. The plaintiff attacks such purported lien on the ground that the abstract of judgment was not indexed in compliance with Article 5448.

Since the trial court rendered judgment for the plaintiff and no findings of fact or conclusions of law were filed or requested of him, we must resolve all controverted issues of fact in favor of the validity of the judgment.

It is our opinion that the evidence in this case fails to show beyond controversy that the indexing of the abstract of judgment was in compliance with the Article mentioned. Jim T. Douglas, a witness for the plaintiff, testified that in April, 1935, at the instance of Acrey Barton, he examined the Judgment Records of Lamb County, Texas; that he looked under the letter "L" showing the defendant in judgment, and there saw the index of the record of the judgment in Cause No. 621 against the Lamb County Lumber Company; that he also examined such index under the letter "F" and found the index to such judgment in the name of Fordyce-Crossett Sales Company; and that in each of such places the indices showed such judgment was recorded in Book 1, page 34, instead of Book 1, page 340, where the judgment was actually recorded. Acrey Barton testified that a few days before the property was purchased for him by W. M. Brewer, and again on February 15, 1936,

he made an inspection of the index of the judgment records of Lamb County; on each occasion such index, both direct and cross, showed that the judgment in question was recorded in Book 1, page 34; that such errors were corrected in his presence by the deputy clerk on February 15, 1936; that he saw the changes made in both the direct and cross indices; and that the clerk gave him a certificate, which was introduced in evidence, showing that such cross index had been changed to read page 340 on such date. The county clerk, S. A. Doss, testified that the cross index showed that the judgment was recorded on page 34; that the correction was made in the cross index, as testified to by Acrey Barton, on February 15, 1935, but that the direct index was never changed from its original form which he claimed showed page 340 since the date of the recording of the instrument. He admitted, however, that his deputy had retraced in ink the "0" after the "24" in the direct index. Such was the testimony in regard to the recording and indexing of the judgment. Upon such testimony, the trial court, in rendering judgment for the plaintiff, held, in effect, that no lien was created in favor of the defendant.

Article 5448 provides, among other things, that the county clerk, after filing an abstract of judgment, "shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded."

Article 5449 provides that: "When any judgment has been so recorded and indexed, * * * it shall, from the date of such record and index, * * * operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, * * *".

In Nye et al. v. Moody, 70 Tex. 434, 8 S.W. 606, 607, in speaking of the mandatory character of the provisions of the statute relative to the creation of judgment liens, Judge Walker, speaking for the Supreme Court of Texas, said: "As the lien is the creature of the statute, it follows that, until the conditions to the lien fixed by the statute have been complied with, the lien is not established. The indexing, so carefully described and provided for, cannot be dispensed with by the courts. The terms used in the statute are simple and clear. The meaning and intent are expressed. It is not for courts to question the policy of the law. They can only apply it to a state of facts as ascertained when rights are litigated and the jurisdiction of the courts invoked."

Again, in Askey v. Power et al., Tex.Com.App., 36 S.W.2d 446, 447, in which case the index refers to the wrong page of the judgment record, it is said:

"The right to a judgment lien is purely statutory, and the statute must be substantially complied with before the lien will attach. * * *

"No lien attaches until the abstract has been properly recorded and indexed."

Also, in the case of McGlothlin v. Coody et al., Tex. Com.App., 59 S.W.2d 819, 822, wherein the name of one of the defendants was omitted from the index, Judge Short, after citing many authorities in support of the proposition that the requirements of the statutes are mandatory in the creation of the judgment lien, had this further to say: "In other words, we find the authorities are substantially in harmony to the effect that, before one can create a judgment lien under the statute, by registering an abstract of judgment, he must comply with all requirements of the statute, since the statute does not empower him to create a lien in any other manner."

In view of these authorities and others upon the subject, it is our opinion that the trial court was authorized, under the evidence in this case, to hold that the defendant had failed to comply with the requirements of the statutes with reference to fixing a judgment lien, and that no such lien upon the property existed in defendant's favor at the time the title passed to the grantor of the plaintiff. Gullett Gin Co. v. Oliver et al., 78 Tex. 182, 14 S.W. 451; Bonner v. Grigsby, 84 Tex. 330, 19 S.W. 511, 31 Am.St.Rep. 48; Central Coal & Coke Co. v. Southern Nat. Bank of New York, 12 Tex.Civ.App. 334, 34 S.W. 383; San Antonio Loan & Trust Co. et al. v. Davis et al., Tex.Civ.App., 235 S.W. 612.

The judgment is affirmed.