**HAMPTON v. C. D. SHAMBURGER LUMBER CO.**

No. 4999.

Court of Civil Appeals of Texas. Amarillo.

March 6, 1939.

Rehearing Denied April 17, 1939.

W. D. Hollars, of Vernon, for appellant.

O. T. Warlick and Storey, Storey & Donaghey, all of Vernon, for appellee.

JACKSON, Justice.

On April 14, 1938, R. M. Hampton, the appellant, made application to the District Court of Wilbarger County to obtain an injunction against E. P. Williams, the sheriff of said county, and C. D. Shamburger Lumber Company, a corporation, the appellee, enjoining the sale under execution of Lot No. 18 in Block No. 30, in the Texas Townsite Company's Addition to the town of Vernon, Texas, because the lot was a part of his homestead.

The appellee answered by general and special exceptions, admitted that it had a judgment against appellant and F. E. Stewart for the sum of $1400 with interest at the rate of 10% per annum, together with cost of suit; that execution had been issued, and alleged that on April 2, 1931, an abstract of judgment had been filed and recorded in the abstract of judgment records in Wilbarger County and constituted a valid and subsisting lien on the lot involved, and specially denied that Lot 18 constituted any part of appellant's homestead.

The record shows that on March 30, 1926, appellant and his wife conveyed to Clarence Teel the lot in controversy for a consideration of $500 cash paid and $2000 evidenced by a vendor's lien note of even date with the deed, payable in sixty-five monthly installments. Mr. Teel moved into the house on the lot where he resided with his family for several months.

On May 4, 1936, Clarence Teel, for and in consideration of the cancellation and satisfaction of the above described $2000 installment note, reconveyed said Lot No. 18 to R. M. Hampton, but this deed of conveyance was not filed for record until January 24, 1938. At some time not disclosed by the record, R. M. Hampton entered into a contract with his brother, E. W. Hampton, who by the terms thereof acquired and held possession of said lot, collected and appropriated the rents and revenues obtained from leasing the residence thereon from January 28, 1928, until about April 1, 1938.

After R. M. Hampton recorded his deed from Teel to the lot E. W. Hampton, plaintiff, instituted suit No. 6783 in the District Court of Wilbarger County against his brother, R. M. Hampton, to recover title and possession of said lot and on March 29, 1938, judgment was rendered that plaintiff take nothing by his suit and that defendant, R. M. Hampton, go hence with his cost, the lot was vacated and possession thereof passed to R. M. Hampton about April 1, 1938.

In the fall of 1934 the appellant acquired Lot 17 in Block No. 30, adjacent to Lot No. 18 in controversy, and, at a date not given, occupied Lot No. 17 with his family as a home.

On March 28, 1931, C. D. Shamburger Lumber Company, Inc., obtained in the District Court of Wilbarger County a judgment against R. M. Hampton and F. E. Stewart for the sum of $1400. The company had an execution issued on its judgment and levied on the premises by the sheriff of Wilbarger County on April 2, 1938, and the property advertised for sale thereunder.

On January 24, 1938, the day the appellant recorded his deed from Teel, he filed a homestead designation in which he included Lot No. 18 as a part of his homestead, but at that time, since he was not in possession, nor using or occupying said lot as a part of his homestead, this instrument in no event indicated more than an intention on the part of appellant at some future date to occupy and use the lot, together with Lot 17, on which he was residing, as part of his homestead. In verified renditions of his taxes for the years 1936 and 1937 he stated that he was entitled, under the provisions of the Constitution and the revised statutes to a homestead exemption from taxation for

state purposes and gave a description of the homestead he claimed but he did not include therein the lot in controversy, notwithstanding the record shows that the value of the homestead, had Lot 18 been included in the rendition, would not have exhausted the amount of the exemption to which he was entitled.

The appellee introduced an abstract of the judgment it had against the appellant and Stewart which had been filed and recorded in the abstract of judgment records of Wilbarger County, Texas on April 2, 1931, but this instrument was invalid as a lien since it was not made and recorded in compliance with articles 5447 and 5448 of the civil statutes. Fordyce-Crossett Sales Co. v. Erwin et al., Tex.Civ.App., 121 S.W.2d 491.

The appellant relied almost exclusively on his own testimony to establish a claim of homestead to the lot involved and his evidence was conflicting, contradictory and unsatisfactory. He stated that he purchased Lot No. 18 with the intention of making it a part of his homestead as soon as he could obtain possession from his brother, who held it under a contract, but he also testified that the lot was reconveyed to him in settlement and satisfaction of the installment vendor's lien note that had been given him by Mr. Teel in 1926. In an affidavit made in 1936 and one made in 1937, he described his homestead in his tax rendition and omitted therefrom the lot in controversy. On April 14, 1938, after the levy of the alias execution, in his affidavit rendering his homestead he included Lot 18 as a part thereof, but the alias execution was issued prior to that date. He obtained his reconveyance from Teel on May 4, 1936, but failed to file for record his deed thereto until January 24, 1938, and on the same day he filed a designation of his homestead including this lot, but since the judgment had already been obtained against him, the withholding of the deed from record and the filing of the designation of his homestead on the same day was to the trial court probably as indicative of a purpose to evade the judgment as to express a good faith intention of making the lot a part of his homestead.

On April 26, 1938, at a regular term of the District Court of Wilbarger County, upon a trial before the court, appellant's homestead claim was denied, injunctive relief was refused and the sheriff directed

to proceed with the sale of Lot 18 under the alias execution theretofore issued on the 2nd of April, 1938.

The only question in the case to be determined was whether Lot 18 was a part of appellant's homestead at the time the alias execution was levied thereon. This was an issue of fact submitted to the trial court for determination. He found against appellant thereon and, in our opinion, we are not warranted under the record in disturbing the finding of the court.

The judgment is therefore affirmed.