## J. M. RADFORD GROCERY CO. v. SPECK et al.

### No. 5316.

Court of Civil Appeals of Texas. Amarillo.

June 9, 1941.

Rehearing Denied June 23, 1941.

W. E. Lessing, of Abilene, for appellant.

Foster Davis, of Crowell, and Coombes & Andrews, of Stamford, for appellees.

FOLLEY, Justice.

In 1919 J. M. Speck, then a widower, and his son Guy Speck became the joint owners in fee simple of a 412.2-acre tract of land in Foard County, Texas, their interests being undivided. In 1920 J. M. Speck was married to Mrs. Mollie Speck, with whom he resided upon the land until his death December 12, 1934. Hub Speck is also a son of J. M. Speck. He and his brother Guy Speck were born of a former marriage of J. M. Speck. In 1929 Hub Speck and wife Iris Speck became tenants upon the land where they still reside. During their tenancy upon the land and prior to the death of J. M. Speck they made certain improvements thereon at their own expense. Upon the death of J. M. Speck the two sons succeeded to his interest in the land subject to the homestead rights of their stepmother who also still resides upon the land.

On or about June 30, 1932, the J. M. Radford Grocery Company recovered a judgment in the District Court of Taylor County, Texas, against Hub Speck and M. Shaw, jointly and severally, for the sum of $2,868 with 10% attorneys' fees, interest and costs. On October 13, 1934, the Walker-Smith Company recovered judgment against Hub Speck in the County Court of Brown County, Texas, for $664.14 with interest and costs. Both of these judgments were recorded in the Abstract of Judgment Records of Foard County. Three other judgments in favor of other parties not necessary to mention have since been rendered against Hub Speck and recorded in the same county.

On June 21, 1940, the Walker-Smith Company caused an alias execution to be issued upon its judgment and the sheriff of Foard County levied upon the title and interest of Hub Speck in the above land. Thereupon this suit was filed by the Speck family, appellees here, against the Walker-Smith Company, the Foard County Sheriff, the J. M. Radford Grocery Company and other holders of judgments against Hub Speck. The suit was to enjoin the sale under the alias execution and also to remove cloud from title to the land. Among other things, the allegations of the appellees were to the effect that the interest of Hub Speck in the land constituted the homestead of him and Iris Speck and was thus not subject to forced sale.

Before the trial on the merits all the defendants filed disclaimers except the J. M. Radford Grocery Company. The latter company, which is the sole appellant in this court, filed an answer in the form of a general demurrer and general denial and by a special answer and cross-action against all the parties plaintiff and defendant alleged that it had recovered the above named judgment in the District Court of Taylor County; that on or about September 30, 1932, it had secured a duly certified abstract of such judgment from the District Clerk of Taylor County; that such abstract of judgment was duly recorded and indexed in the Abstract of Judgment Records of Foard County, Texas, and appeared in Volume 3 on page 114 thereof; that by virtue of the filing of said abstract of judgment the appellant in cross-action had obtained a lien upon all real estate then owned by the defendants in execution or either of them or which they should thereafter acquire in Foard County; that such judgment is valid, subsisting and unsatisfied; that after such abstract of judgment had been duly recorded and indexed as required by law the defendant Hub Speck acquired an undivided one-fourth interest in the land in controversy; and that by virtue of the recording and indexing of said abstract of judgment the appellant had a valid lien upon the one-fourth undivided interest in the land as

of September 30, 1932, which was superior to any and all other claims of any and all other parties to the suit and prayed for judgment accordingly and for order of sale.

In a trial before a jury evidence was introduced to the effect that Hub Speck and wife had improved the property under an understanding with J. M. Speck that such improvements would finally become Hub Speck's property by inheritance from his father. The testimony further showed that Hub Speck and wife claimed a homestead right in their leasehold interest prior to the death of J. M. Speck with the intention of enlarging the homestead from a leasehold to a fee simple title upon the death of J. M. Speck.

At the conclusion of the testimony the trial court directed a verdict in behalf of the appellees and entered judgment in their behalf for the title and possession of the 412.2 acres of land; cancelled the purported liens of the J. M. Radford Grocery Company and the disclaiming defendants; and further decreed that Hub Speck recover an undivided one-fourth interest in the land from all the other parties plaintiffs and defendants, subject, however, to an adjustment theretofore made between the appellees for the occupancy of the lands and premises and subject to the homestead rights of Mollie Speck as theretofore agreed upon.

The judgment entered by the court is ostensibly based upon the homestead claims of the appellees, Hub Speck and wife, and the burden of the appellant's brief seeking reversal is predicated solely upon this issue. It is our opinion, however, that irrespective of the homestead claims of Hub Speck and wife the judgment must be affirmed for other good and sufficient reasons which we shall now attempt to demonstrate.

■ At the opening of the testimony an agreement was made by the parties and read into the statement of facts to the effect that the land in controversy was owned in fee simple title by J. M. Speck and Guy Speck from the time of its purchase in 1919 until the death of J. M. Speck December 12, 1934, and "that at the death of J. M. Speck his undivided one-half (1/2) descended to and vested in his two sons in equal proportions, Guy Speck and Hub Speck, subject to the use and occupancy by the plaintiff Mollie Speck of the homestead of the said J. M. Speck at the time of his death for and during her natural life". It is our opinion this agreement established a prima

facie case in behalf of the appellees and, unless rebutted in some manner, warranted a recovery in their favor. Therefore, in order to avoid such a consequence the burden devolved upon the appellant in its cross-action to establish its alleged judgment lien, otherwise the trial court had no alternative other than to direct a verdict for the appellees. Smith v. Gillum et al., 80 Tex. 120, 15 S.W. 794; Ballard et al. v. Carmichael et al., Tex.Sup., 17 S.W. 393; Gaffney et al. v. Clark et al., Tex.Civ.App., 118 S.W. 606; Gruner v. Westin, 66 Tex. 209, 18 S.W. 512. This burden we think the appellant failed to discharge as will hereinafter appear.

At the conclusion of the testimony counsel for the appellees introduced in evidence the abstract of judgment which he stated appeared of record in Volume 3, page 114, of the Judgment Records of Foard County, Texas. It shows upon its face to have been filed and recorded October 26, 1932. Thereupon counsel for the appellant stated: "Let it show that it is indexed as 'J. M. Radford Grocery Company, Plaintiff, and Hub Speck and M. Shaw Defendants'". To this suggestion there was no response by counsel for appellees and there is no intimation in the record of any express agreement in this respect. The abstract offered in evidence does not purport to show that the same was indexed in the judgment record as required by law nor was there any other evidence on this question.

■ It is therefore our conclusion that the testimony was insufficient to show a compliance with the provisions of article 5448, Vernon's Annotated Civil Statutes, with reference to entering the abstract upon the "alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded". If we should give the above statement of appellant's counsel full credence and a most liberal construction, it is still insufficient because it fails to affirmatively show that the names of all the parties to the judgment appear alphabetically in the index, direct and reverse, or that there appears in such index the number of the page of the book upon which the abstract is recorded. That the requirements of the statutes in this respect are mandatory before a judgment lien is established is no longer an open question in this State. Article 5449, Vernon's Annotated Civil Statutes; Nye et al.

v. Moody, 70 Tex. 434, 8 S.W. 606; Askey v. Power et al., Tex.Com.App., 36 S.W.2d 446; McGlothlin v. Coody et al., Tex.Com. App., 59 S.W.2d 819 and authorities cited; Fordyce-Crossett Sales Co. v. Erwin et al., Tex.Civ.App., 121 S.W.2d 491 and authorities cited; Barton v. Parks, Tex.Civ.App., 127 S.W.2d 376, writ refused; Cheatham et al. v. Mann et al., Tex.Civ.App., 133 S. W.2d 264, writ refused.

Under our above holdings the question as to the homestead rights of Hub Speck and wife becomes immaterial, and we conclude there was no error in the judgment entered for the appellees upon the directed verdict.

The judgment is affirmed.