Lester A. REYNOLDS and Altha L. Reynolds, Appellants,

v.

Calvin K. KESSLER, Appellee.

No. 08–82–00234–CV.

Court of Appeals of Texas, El Paso.

March 28, 1984.

William J. Mounce, Risher S. Gilbert, Grambling, Mounce, Sims Galatzan & Harris, El Paso, Robert F. Bourk, Oklahoma City, Okl., for appellants.

Myron D. Brown, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This case began in July, 1980, as a suit by Kessler to remove the cloud of Reynolds' purported federal judgment lien from Kessler's title to certain El Paso realty. Reynolds countersued for foreclosure of his lien. The trial court, hearing the case without a jury, decreed a removal of the cloud and denied Reynolds' foreclosure. Altha L. Reynolds was dismissed from the law suit below. We affirm.

Kessler and Charlie Dennis owned rental realty as tenants in common. Kessler sued Dennis in El Paso County. Kessler obtained judgment against Dennis and bought the one-half interest of Dennis at the Sheriff's sale under execution. Kessler received the Sheriff's deed dated November 8, 1976. On the prior October 23, 1975, Reynolds had taken judgment against Dennis in still another case in a federal court in Arkansas. Reynolds' judgment resulted from his third-party action against Dennis in the federal suit which was originally styled John Hancock Mutual Life Insurance Company v. Reynolds and Dennis. Reynolds had an exemplified copy of that judgment against Dennis filed in the deed records in the office of the El Paso County Clerk on December 2, 1975. On April 23, 1976, Reynolds registered the same Arkansas federal judgment with the Federal District Court for the Western District of Texas and on June 15, 1976, filed the abstract with the El Paso County Clerk for recording in the judgment record of El Paso County. The county clerk indexed the judgment in the alphabetical index to such judgment records, as will hereafter be further developed. The Sheriff's deed to Kessler, previously mentioned, recited that Kessler took subject to, and not assuming, "an abstract of judgment dated April 23, 1976, against Charlie Dennis and in favor of John Hancock Mutual Life Insurance Company."

The trial court filed findings of fact and conclusions of law in addition to its judgment. The judgment recites that Reynolds failed to perfect a judgment lien under Articles 5447 and 5448, infra, prior to Kessler's purchase of the Dennis interest at Sheriff's sale. The court further found that even if perfected, its enforcement was barred by the three-year statute of limitations under Article 5507, infra, and Kessler had acquired title by adverse possession. The court quieted Kessler's title and declared the Reynolds purported lien invalid against the property in question.

In four points of error, Reynolds asserts that it was error for the trial court to apply Articles 5447 and 5448, infra, since their application under the facts would be unconstitutional under federal law; that there was no evidence to support the court's finding that Kessler held adversely to Reynolds under Article 5507, infra; that Articles 5447 and 5448, infra, did not apply to Reynolds' federal lien; and that the court erred in finding Reynolds did not properly perfect his lien and in finding that the lien was not properly indexed.

We will combine our discussion of Points One, Three and Four which principally concern Articles 5447, 5448 and 5451, Tex.Rev. Civ.Stat.Ann. and their interplay with 28 U.S.C. 1962 and 28 U.S.C. 1963. Article 5447 entitled "Abstract of judgments" provided in pertinent part:

Each clerk of a court, when a person in whose favor a judgment was rendered, ... applies therefor, shall make out, certify ... and deliver to such applicant ... an abstract of judgment showing:

(1) The names of the plaintiff and of the defendant in such judgment;

(2) The birthdate and drivers' license number of the defendant, if available to the clerk of the court;

(3) The number of the suit in which the judgment was rendered;

(4) Defendant's address if shown in suit, ... and, if not, the nature of citation and the date and place citation was served;

(5) The date when such judgment was rendered;

(6) The amount for which the judgment was rendered and the balance due thereon; and

(7) The rate of interest specified in the judgment . . . .

Article 5448, entitled "Recording judgments," in pertinent part provided:

Each county clerk shall keep a well bound book called the "judgment record," and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded
. . . .

Article 5451, entitled "Federal court judgments," provided in pertinent part:

An abstract of a judgment rendered in this State by any United States Court may be recorded and indexed in the same manner and with like force and effect as provided for judgments of the Courts of this State, upon the certificates of the clerks of such United States courts.

28 U.S.C. 1962, entitled "Lien," provides in pertinent part:

Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, . . . . Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county . . . before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of the United States to be registered, recorded, docketed or otherwise conformed to the rules and requirements relating to judgments of the courts of the State.

28 U.S.C. 1963, entitled "Registration in other districts," reads in pertinent part:

A judgment . . . for the recovery of money . . . now or hereafter entered in any district court . . . may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

In applying the above cited provisions of Article 5447 to the facts before us, we consider first the abstract of the Reynolds judgment dated April 23, 1976. In identifying the parties, John Hancock Life Insurance Company is identified as the plaintiff. However, it goes on to recite that, "the Defendants, LESTER A. [sic] REYNOLDS . . . recovered judgment against THIRD PARTY DEFENDANTS CHARLES E. DENNIS . . . ." It contains no reference to birth dates or drivers' license number. The number of the suit in which judgment was originally rendered in the Arkansas federal court is not shown. However, it does show the El Paso federal district court number as "Cause No. EP 76 MISC 8." It contains neither addresses of defendants or third party defendants nor anything regarding citations. It does not show the date the original judgment was rendered in Arkansas. The date of rendition shown is the date of registration in the El Paso court, that is, April 23, 1976. In reciting the amount of the judgment, it omits $4,000.00 court costs and attorneys fees and does not set forth the rate of interest specified in the judgment.

▆ We need consider just two of the deficiencies of the abstract. The failure of the abstract to state the date of the judgment, standing alone, is fatal to the creation of a lien. *Rushing v. Willis*, 28 S.W. 921 (Tex.Civ.App.1894, no writ). The rate of interest specified in the judgment must be shown in order to comply with the statute. *Midland County v. Tolivar's Estate*, 137 Tex. 600, 155 S.W.2d 921 (1941). It is obvious that the abstract in question herein neither strictly nor substantially complied with Article 5447. The trial court so found. Since a judgment lien is purely statutory,

the statute must be substantially complied with before the lien will attach. *Womack v. Paris Grocer Co.*, 166 S.W.2d 366, 368 (Tex.Civ.App.—Galveston 1942), writ ref'd, 140 Tex. 423, 168 S.W.2d 645 (1943).

As to the alphabetical indexing under Article 5448, the county clerk indexed both direct and reverse. Reynolds' name appears once in the direct index as DF (Defendant). Dennis' name likewise appears once in the direct column as DF (Defendant). As to each of those two entries, opposite in the reverse column, John Hancock Mutual Life Insurance Company is shown as PF (Plaintiff). In the reverse column both Reynolds and Dennis are shown as DF (Defendant) and opposite in the direct column, John Hancock Mutual Life Insurance Company is shown as PF (Plaintiff). Nowhere does the index reflect Reynolds as plaintiff and Dennis opposite as defendant.

■ The names of each party to the judgment, both plaintiff and defendant, must appear in the index in alphabetical order to effectuate a judgment lien. *McGlothlin v. Coody*, 59 S.W.2d 819 (Tex. Com.App. Sec. B 1933, judgment adopted); *Guaranty State Bank of Donna v. Marion County National Bank*, 293 S.W. 248 (Tex.Civ.App.—San Antonio 1927, no writ); *Cheatham v. Mann*, 133 S.W.2d 264 (Tex. Civ.App.—Galveston 1939, writ ref'd); *Barton v. Parks*, 127 S.W.2d 376 (Tex.Civ.App. —Galveston 1939, writ ref'd). The names of all the parties to the judgment must appear alphabetically in the index, direct and reverse. The court in *J.M. Radford Grocery Co. v. Speck*, 152 S.W.2d 787 (Tex. Civ.App.—Amarillo 1941, writ ref'd) in this regard stated in part "that the requirements of the statutes in this respect are mandatory before a judgment lien is established is no longer an open question in this state."

■ From the above discussion, it readily appears that neither the abstract nor the indexation comply with Articles 5447 and 5448, supra. A judgment lien exists only by virtue of statute and is created only by compliance with the law governing such liens. Before a money judgment can ripen into an enforceable lien, the abstract of judgment must be recorded and indexed as required by Articles 5447 and 5448, supra. *Day v. Day*, 610 S.W.2d 195 (Tex.Civ.App. —Tyler 1980, writ ref'd n.r.e.); *Askey v. Power*, 36 S.W.2d 446 (Tex.Com.App. Sec. B 1931, approved). A judgment lien does not arise until the judgment is properly abstracted and indexed. *J.M. Radford Grocery Co. v. Speck*, supra.

■ It is clear, we believe, that if we were here dealing with the abstracting and indexation of a Texas state court judgment, the abstracting and indexation before us would not create an enforceable lien. The question thus becomes whether because it is a federal judgment abstract and the indexation thereof, it should be considered differently. The answer to that question depends on whether the Texas statutes comport with federal law and provide uniformity of treatment of state judgment liens and federal judgment liens. We believe that they do. Although it is true that Article 5451, supra, does not expressly provide for federal judgments "registered" in this state and refers only to such judgments "rendered" in this state, Article 5451, supra, must be read in conjunction with 28 U.S.C. 1963, supra. That section of the United States Code, as we have seen, provides that a federal judgment rendered in one federal district can be registered in another federal district and when so registered has the same effect as a judgment of the district court where newly registered and may be enforced in like manner. We conclude, therefore, that Article 5451 when read in conjunction with 28 U.S.C. 1963 provides uniformity of treatment of state and federal judgments and obviates the problem of *Rhea v. Smith*, 274 U.S. 434, 47 S.Ct. 698, 71 L.Ed. 1139 (1927), upon which Appellant considerably relies. In *Rhea*, a Missouri statute provided for different treatment and placed more onerous requirements on federal judgment liens in their perfection. There the Missouri statute provided that federal judgments became a lien only upon the filing of a tran-

script in the office of the clerk of any circuit court. As to state judgments, no such transcript was required to create a lien and such state liens took effect when entered of record. The inequality which rendered the Missouri statute unconstitutional is not present here. Our Article 5451 clearly states that an abstract of judgment rendered in this state by any United States court may be recorded and indexed in the same manner and with like force and effect as provided for judgments of the courts of this state and when read in conjunction with 28 U.S.C. 1963, supra, fully complies with the requirements of 28 U.S.C. 1962, supra.

If this holding has not been previously asserted in decided cases, it is perhaps because it has long been an accepted and acknowledged concept. In an incisive article published in the Texas Bar Journal in 1969, it was stated:

> Judgments rendered in Texas by a United States Court may be abstracted and the abstract may be recorded and indexed in the same manner and with the same effect as with State Courts. If a judgment is rendered by a United States Court outside of Texas, it may be registered in a U.S. Court in Texas by filing a certified copy of the judgment, and such judgment thus registered has the same effect as a judgment of a federal court here. (Citing Art. 5451; 28 U.S.C.A. 1962; 28 U.S.C.A. 1963; 28 U.S.C.A. 2508).

Hudspeth, Judgment Liens and Abstracts of Judgments in Texas, 32 Tex.Bar.J. 520 (1969).

■ As previously stated, Appellant's fourth point is that the trial court erred in finding that Reynolds did not properly perfect his lien and that the lien was not properly indexed. Appellant argues that Appellee had constructive notice of Appellant's purported lien. Whether or not germane, we will respond briefly to the argument. A judgment lien is created only by compliance with the lien creation statutes. When the abstract is so improperly recorded and indexed that it creates no lien, even

actual notice of the defective record cannot take the place of a proper record as to the purchaser of the land. *Glasscock v. Stringer*, 32 S.W. 920 (Tex.Civ.App.1895), rev'd on other grounds, 33 S.W. 677 (Tex. Civ.App.1896, writ ref'd). There the court stated:

> There was no error in excluding testimony tending to prove that Peck had actual notice of plaintiff's recorded abstracts of judgments. Peck's knowledge or want of knowledge of the record of the abstracts would not affect the question of the lien intended to be created by the record and index. If the abstract is in form, is recorded and properly indexed, the lien arises and is fixed by the statute. If these facts do not concur, there is no lien created. The index must be made as directed by statute to create that lien, and a knowledge that the record of the abstract was made could not take the place of the index.

In the cases following Glasscock the same principle obtains. In *Noble v. Barner*, 22 Tex.Civ.App. 357, 55 S.W. 382 (1899), the court said in part:

> It is the proper registry of the abstract of judgment that creates the lien, and it is to the record that we must look to ascertain if the lien exists ....

This court in *Lemons v. Epley Hardware Co. et al.*, 197 S.W. 1118 (Tex.Civ. App.—El Paso 1917, no writ), citing Glasscock, held that where the amount of the judgment was incorrectly stated in the abstract, no lien was created by filing and registry of the abstract. *McGlothlin v. Coody*, et al., 39 S.W.2d 133 (Tex.Civ.App. —Eastland 1931 was affirmed by *McGlothlin v. Coody et al.*, 59 S.W.2d 819, Tex. Com.App. Sec. B 1933, judgment adopted). The Eastland Court in commenting on *Glasscock's* holding stated in part:

> [T]hat actual knowledge of the claim of a judgment lien was unavailing in the aid of an insufficient registration. Were the requisites prescribed by statute for the purpose only of giving constructive notice, and not for the purpose of bringing

the lien into existence, such a holding would be wrong in principle.

The trial court in this case expressly found that Kessler had no actual or constructive knowledge of Reynold's purported lien. From the cases cited above, neither actual knowledge nor constructive knowledge need be considered. There was no lien created. Appellant's Points of Error Nos. One, Three and Four are overruled.

In Point of Error No. Two, Appellant urges the trial court erred in holding that Reynolds' lien was barred by Article 5507, Tex.Rev.Civ.Stat.Ann. (Vernon 1958), since no evidence was presented showing that Kessler held adversely to the interest of Reynolds within the meaning of the statute.

Article 5507, entitled "Three years' possession," provides:

Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years after the cause of action accrued, and not afterward.

Article 5515, Tex.Rev.Civ.Stat.Ann. (Vernon 1958), defines "adverse possession:"

"Adverse possession" is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

When findings of fact are filed, as here, they occupy the same position and are entitled to the same weight as the verdict of a jury. The findings may be challenged on appeal when there is a statement of facts, even though no exception was taken and no request made for additional findings. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156 (1950). In deciding no evidence points, the reviewing court will consider only the evidence and reasonable inferences therefrom most favorable to support the judgment and disregard entirely that which contradicts it. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A no evidence point will be sustained only if there is a complete absence or no more than a scintilla of evidence to support the finding. *Freeman v. Texas Compensation Insurance Company*, 603 S.W.2d 186, 191 (Tex.1980). It is the province of the fact finder to resolve the contradictions in the testimony and to assess the credibility of the witnesses. *Jim Walter Homes, Inc. v. Castillo*, 616 S.W.2d 630, 634 (Tex.Civ.App. —Corpus Christi 1981, no writ). The Court of Appeals may not pass on credibility nor substitute its findings for those of the trier of fact. Id.

In its findings of fact, the trial court found that legal title to the property passed to Kessler at the sheriff's sale and that Kessler took possession of all of said property on that date through his tenants and on-site manager. Further, the court found Kessler claimed the entire interest as his own and such possession was open, notorious, actual and visible, and by reason of the nature of such possession and by reason of the sheriff's sale and subsequent recorded deed, such possession was clearly hostile to Dennis or anyone claiming under him, and was a clear repudiation of the previous co-tenancy between Kessler and Dennis. The court further found that Kessler's possession was continuous and uninterrupted until January 28, 1982, when Reynolds filed his cross-claim seeking foreclosure of his abstract of judgment lien, and that Kessler during that time spent substantial sums of his own money to preserve the property, to pay taxes and to make up for cash flow deficits from operations. The court further found that at the time of the sheriff's sale, Kessler had no actual or constructive notice of any judgment lien in favor of Reynolds; that sometime in 1977 Kessler did learn that it was Reynolds not John Hancock who was claiming a lien against Dennis, and notwithstanding this, continued to claim the entire interest as his own and did not recognize Reynolds' claim after learning of it, but rather filed this law suit.

The court further found that Reynolds had knowledge as early as 1973 that Dennis had a one-half interest in the realty, that Reynolds had someone look at the

property for him in 1976 or 1977 and decided to take no action to foreclose his lien at that time because there was not sufficient equity to satisfy his lien. Applying these facts and other extensive findings, the trial court concluded as a matter of law that Reynolds' judgment lien was barred by the three-year statute of limitations contained in Article 5507, Tex.Rev.Civ.Stat.Ann. (Vernon 1958); that the claim of title of Kessler under the sheriff's deed, as against a mere judgment lien holder, was hostile; and that the statute was only tolled when Reynolds filed his counterclaim in this law suit to foreclose his lien in 1982. In view of our determination that the lien was improperly abstracted and indexed, we need not consider whether or not if properly abstracted and indexed it would have been barred by Article 5507. Applying the review principles previously set forth, and having read the Statement of Facts and finding the evidence supports the findings, Appellant's no evidence second point of error is overruled.

The judgment is affirmed.