IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-20697

Summary Calendar

RUBEN I. MARES,

Plaintiff-Appellee,

versus

THE UNITED STATES OF AMERICA;
MATTHEW D. WIGGINS,

Defendants,

MATTHEW D. WIGGINS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District Texas
(H-96-CV-4007)

January 16, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

This case involves a simple dispute over a piece of property.
In 1985, Joseph Doug Cherry obtained title to a tract of land in
Seabrook, Texas. The deed was recorded in the Harris County Real
Property Records Department under the name "J. Doug Cherry." In
1995, James Lee obtained a judgment against Mr. Cherry in state

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court and recorded an abstract of the judgment in the Harris County Real Property Records Department under the name "Doug Cherry." On March 13, 1996, Ruben Mares purchased the Seabrook property at an auction conducted by the Internal Revenue Service. The notice of sale mentioned no outstanding encumbrances. On September 5, 1996, James Lee attempted to redeem the property by tendering the redemption price to the I.R.S., pursuant to 26 U.S.C. § 6337(b)(1). James Lee eventually granted his interest in the property to Matthew Wiggins.

Mares brought suit against Wiggins and the United States, seeking a declaratory judgment stating that Wiggins was not entitled to redeem the property. The district court granted summary judgment to Mares, concluding that Lee's recordation of an interest against "Doug Cherry" was insufficient to create a lien on real property owned by a "J. Doug Cherry." Wiggins appealed, but the United States did not.

We agree with the district court. Substantial compliance is required with the statutory requirements for the creation of a judgment lien. See Reynolds v. Kessler, 669 S.W.2d 801, 804-05 (Tex. App.--El Paso 1984, no writ). One of those requirements is that an abstract of judgment must show the names of the plaintiff and defendant. See Tex. Prop. Code Ann. § 52.003. The purpose behind this requirement is to permit a diligent searcher to locate liens against a particular piece of property. Mares offered in support of his summary judgment an uncontradicted affidavit from an

2

official at the Real Property Records Department of Harris Country who stated that a computer search using Cherry's given first name or initial ("J" or "Joseph") would not have revealed the existence of a lien against a "Doug Cherry." A diligent searcher would be expected to use the first and last name of the person for whom he was searching, not just the last name. Wiggins can point to no Texas cases that have found valid liens where the first name of a party was misstated. Accordingly, Lee's recordation was inadequate and no valid judgment lien was created. As such, Wiggins had no statutory right to redeem the property. Moreover, we find that Mares did not effect an election of remedies by initially depositing the redemption check, as he quickly thereafter offered to place in the funds in a separate account.

AFFIRMED.