COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

1990 Z71 CHEVROLET EXTENDED
CAB        )

PICKUP VIN
#2GCEK19K7L1224899,             )

LIC. #9919WB,                                                    )             
No.  08-01-00304-CV

                                                                              )

Appellant,                          )                 Appeal from the

                                                                              )

v.                                                                           )              
143rd District Court

                                                                              )

THE STATE OF TEXAS,                                     )          
of Reeves County, Texas

                                                                              )

Appellee.                           )          
(TC# 00-07-16769-CVR)

                                                                              )

                                                                              )

 

O
P I N I O N

 

Ralph Muniz
appeals from the trial court=s
order to forfeit the 1990 Z71 Chevrolet Extended Cab Pickup VIN
#2GCEK19K7L1224899, LIC. #9919WB (Athe
truck@).  Two issues are presented on appeal:  (1) the trial court erred in granting
forfeiture against an innocent owner; and (2) the evidence is legally and
factually insufficient.

Ralph Muniz is the
registered owner of the truck in question, but he lent the truck to his uncle
Antonio Lujan Muniz (ATony@) for his use, since Tony=s vehicle had problems.  From before January 2000 and up to July 7,
2000, Tony used the truck, putting the insurance in his name and paying for its
repairs.








On January 12,
2000, Narcotics Investigator Paul Deishler set up surveillance over a mobile
home.  A blue Z71 truck, license #
991-9WB, pulled up to the mobile home then departed.  The same truck was stopped for a traffic
violation by Patrol Officer Juan Vasquez a short while later.  Inside the truck were Joel Muniz and Benjamin
Muniz, as well as some cocaine in a white baggy on the floor of the truck.  Investigator Deishler said $10,000 was found
on Joel, which was forfeited.  Joel was
convicted in federal court of possession of cocaine with intent to
distribute.  Although the truck was
impounded at the time, it was later released to Tony, Joel and Benjamin=s brother, in April or May 2000.   

The truck, Tony,
and Benjamin were again involved in a drug-related investigation at a carwash
on July 7, 2000.  While executing a
search warrant, a sheriff=s
deputy discovered inside the building a white powder that field-tested positive
for cocaine, cash, and material for packaging cocaine.  Another sheriff=s
deputy with a narcotics canine searched the truck parked on the premises and
found traces of powder around the seat, which field-tested positive for
cocaine.  As a result of the search,
Tony, the owner of the carwash, was arrested for possession of cocaine with
intent to deliver and pleaded guilty to the charge.

In the first
issue, Ralph complains the trial court forfeited the truck against an innocent
owner.








A party must
plead an affirmative defense in the pleadings. 
Tex.R.Civ.P. 94.  However, even when the defendant did not
specifically plead a affirmative defense, the Texas Supreme Court has
recognized exceptions for the defenses of parental immunity and illegality, if
the plaintiff anticipated the defense in its pleading and the defense was
established at trial as a matter of law. 
Shoemaker v. Fogel, Ltd., 826 S.W.2d 933, 937 (Tex. 1992); Phillips
v. Phillips, 820 S.W.2d 785, 789 (Tex. 1991).  The defense of Ainnocent
owner@ against
forfeiture in Article 59.02(c) of the Code of Criminal Procedure is an
affirmative defense.  Tex.Code Crim.Proc.Ann.
art. 59.02(a), (c)(Vernon Pamph. 2002); Bochas v. State, 951 S.W.2d
64, 68 (Tex.App.--Corpus Christi 1997, pet. denied).

Tony Muniz and
Ralph Muniz never pleaded the affirmative defense of Ainnocent
owner@ to the
trial court.  The State=s notice of seizure and forfeiture did
not anticipate the defense, and the State objected to Ralph Muniz presenting
the defense.  Since the defense was never
pled and the issue was not tried by consent, Ralph has waived the issue.  We overrule the first issue.   

In the second
issue, Ralph challenges the sufficiency of the evidence to uphold the judgment
of forfeiture.  

When an appellant
brings a Ano
evidence@ or legal
sufficiency challenge, this Court will consider only the evidence tending to
support the trial court=s
judgment.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  If more
than a scintilla of evidence exists, the no evidence challenge fails.  $47,200.00 U.S. Currency v. State, 883
S.W.2d 302, 306 (Tex.App.--El Paso 1994, writ denied).  Evidence is Ano
more than a scintilla@
when the evidence offered to prove a vital fact is so weak as to do no more
than create a mere surmise or suspicion of its existence.  Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  Evidence is
factually insufficient to uphold the verdict if the finding is so against the
great weight and preponderance of all of the evidence as to be manifestly
unjust.  In re King=s Estate, 244 S.W.2d 660, 661 (Tex.
1951).  It is not our province to
interfere with the fact finder=s
resolution of the conflicts in the evidence or to weigh the credibility of the
witnesses and their testimony.  Reynolds
v. Kessler, 669 S.W.2d 801, 807 (Tex.App.--El Paso 1984, no writ).








Property may be
subject to seizure and forfeiture if it is shown to be contraband.  Tex.Code
Crim.Proc.Ann. art. 59.02(a). 
Contraband is property used or intended to be used in the commission of
crimes described in Article 59.01(2) of the Texas Code of Criminal Procedure,
including drug-related offenses under Chapter 481 of the Texas Health and
Safety Code.  Tex.Code Crim.Proc.Ann. art. 59.01(2); Tex.Health&Safety Code Ann. ' 481.002 et seq. (Vernon Pamph.
2002).  The State must prove that
property is contraband by a preponderance of the evidence.  Tex.Code
Crim.Proc.Ann. art. 59.05(b).  The
proof may be direct or circumstantial.  State
v. $11,014.00, 820 S.W.2d 783, 785 (Tex. 1991).

The truck was used
or intended to be used on two different dates in the commission of possession
of cocaine with intent to deliver, a crime described in Article 59.01(2) of the
Texas Code of Criminal Procedure.  See
Tex.Code Crim.Proc.Ann. art.
59.01(2)(B)(i); Tex.Health&Safety
Code Ann. ''
481.102(3)(D), 481.112, 481.115.  On
January 12, 2000, cocaine was found inside the truck with Benjamin Muniz and
Joel Muniz, who was arrested and convicted for possession of cocaine with intent
to deliver.  Six months later on July 7,
2000, cocaine was found inside a building and the truck.  Again, Benjamin Muniz was involved and
Antonio Muniz plead guilty to the charge of possession of cocaine with intent
to deliver.  

There is more than
a scintilla of evidence to support the finding. 
Furthermore, the finding is also not so against the great weight and
preponderance of all of the evidence as to be manifestly unjust.  The trial court did not err in finding that
the truck was contraband and thus subject to forfeiture.  We overrule the second issue.

The judgment of
the trial court is affirmed.

 

June
20, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)